**PORTER, Adm'r, OPA, v. RUMSEY et al.**

No. 3385.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1947.

Rose Mary W. Filipowicz, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, David London, Director Litigation Div., and Albert M. Dreyer, Chief Appellate Branch, all of Washington, D. C., and Leonard M. Cox, Regional Litigation Atty., of Dallas, Tex., on the brief), for appellant.

J. Paul Jorgensen, of Wichita, Kan. (H. C. Castor, of Wichita, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This is a case arising under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., in its relation to the sale of farm equipment. Section 205(e) of the Act, 50 U.S.C.A.Appendix, § 925(e), authorizes the Administrator of the Office of Price Administration to maintain actions for damages for the sale of commodities in violation of a regulation, order, or price schedule prescribing a maximum price or maximum prices, and provides among other things that the recovery shall be for "(1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation." Maximum Price Regulation 133, as amended, promulgated under the Act, establishes maximum prices for the sale of new and used farm equipment. It sets out the procedure for determining the

maximum price for any complete item of new farm equipment which may be sold at retail, and also for determining the maximum price for any complete item of used farm equipment purchased or acquired by the seller for resale. The price which a service dealer may charge a user for a reconditioned and guaranteed item of used equipment is higher than that allowed for a used item not reconditioned and guaranteed. Section 1361.3a (3) (d) (1) reads, "This paragraph is applicable to the sale of reconditioned and guaranteed complete items of farm equipment by service dealers to users. In order to be considered 'reconditioned and guaranteed' all parts of the item which should be replaced, repaired, adjusted, or aligned for satisfactory operation must be replaced, repaired, adjusted, or aligned. Also, the dealer must furnish the purchaser with a signed guarantee in the form set forth in Appendix A (§ 1361.-11), containing the information called for in that form."

The Administrator of the Office of Price Administration filed the action against L. H. Rumsey and C. H. White, owners and operators of an implement business and repair department at Council Grove, Kansas, where new and used farm equipment was bought and sold subject to the regulation. It was alleged in the complaint that the defendants had sold new farm equipment and used farm equipment in excess of the applicable maximum prices authorized by law; that the overcharges amounted to $2731.53; and that the defendants failed to keep complete records, as required by the regulation. The prayer was for treble damages, for an injunction restraining further sales above the ceiling prices, and for an order requiring the keeping of proper records. The facts were not in dispute. The defendants sold six units of new farm equipment for sums in excess of the fixed ceiling prices. And they sold thirty units of used farm equipment for amounts above the maximum prices established by regulation. In connection with twenty-nine of the sales of used equipment, the purchasers were told verbally that the machinery was guaranteed but no written guarantee was given. In connection with the other sale of used equipment, the pur-

chaser was given a memorandum certifying that the unit had been overhauled according to parts and labor as shown on the invoice shop card, and that it carried a new guarantee good for thirty days, but the memorandum was not even substantially in the form specified in the regulation. Apparently in fulfillment of their verbal guarantees, the defendants made a refund in one instance and made repairs in certain other instances without charge after delivery of the equipment to the purchaser. The court found that the violations were not wilfull or intentional. Judgment was entered enjoining the defendants from committing further violations of the Act and ordering them to keep the required records. In respect of damages, the judgment was for the amount of the overcharges, less certain credits. These credits represented allowances for the refund in one instance and for the repairs in nine instances made without charge after delivery of the equipment to the purchasers. The Administrator appealed.

■ The single question presented is whether in the circumstances the deductions were authorized. Section 205(e), supra, defines the word "overcharge" to mean the amount by which the sale price of a commodity exceeds the applicable maximum authorized price, and it provides that the amount of the recovery in a case of this kind where the violations were not wilfull or intentional and not the result of failure to take practicable precautions against the occurrence of the violations shall be the amount of the overcharges. That undeviating command of the statute fixes the amount of the damages to be recovered and deprives the court of any discretionary leeway in connection with it. Bowles v. Heinel Motors, D.C. 59 F.Supp. 759, affirmed without opinion, 3 Cir., 149 F.2d 815; Bowles v. Krodel, 7 Cir., 149 F.2d 398; Bowles v. Goebel, 8 Cir., 151 F. 2d 671.

■ Being service dealers within the meaning of the regulation, the defendants below would have been authorized to charge the purchasers of the used units of equipment on the basis of reconditioned and guaranteed items, if they had complied with

the regulation. The regulation requires in the plainest language that a service dealer make the replacements, repairs, adjustments, and alignments necessary for satisfactory operation, and that he give to the purchaser a written guarantee. In order to come within the regulation, it was essential that the defendants comply with its requirements. They failed to give the written guarantees, and their verbal guarantes 'followed by a refund in one instance and repairs without charge in other instances did not satisfy the exactions of the regulation. Porter v. Nowak, 1 Cir., 157 F.2d 824.

The judgment is reversed insofar as it awarded damages; and the cause is remanded with directions to enter judgment for the amount of the overcharges, without deductions.