**U. S. OIL COMPANY, INC., Plaintiff,**

v.

**KOCH REFINING CO., Defendant.**

No. 79–C–659.

United States District Court,
E. D. Wisconsin.

Sept. 8, 1980.

William H. Bode, Alfred Lawrence Toombs, John E. Varnum, Batzell, Nunn & Bode, Washington, D. C., Gilbert W. Church, Foley & Lardner, Milwaukee, Wis., for plaintiff.

Wayne E. Babler, Jr., Quarles & Brady, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an action for monetary, injunctive, and declaratory relief under the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751, *et al.*, (EPAA) and the Economic Stabilization Act of 1970 (as amended) (ESA). Plaintiff, U. S. Oil Company, Inc., is a non–branded independent marketer of petroleum products located in Combined Locks, Wisconsin. Plaintiff sells gasoline to small independent marketers and through its own service stations in Wisconsin. In addition, it furnishes No. 1 and No. 2 fuel oil to almost 5,000 establishments in the state. U.S. Oil purchases these petroleum products from the defendant, Koch Refining Co., in vast quantities. The defendant is an oil refiner based in Wichita, Kansas, with a refinery near Minneapolis, Minnesota. Plaintiff and defendant have been doing business since 1973. On December 28, 1978, counsel for the plaintiff made a claim upon the defendant for $2,128,800.00 in alleged overcharges for gasoline and numbers 1 and 2 fuel oil. After waiting the required 90 days for payment, the plaintiff, on August 20, 1979, filed this action seeking recovery for the overcharges as well as declaratory and injunctive relief.

After answering the complaint, defendant filed seven separate motions, as well as a request for a special briefing schedule. The Court granted defendant's motion for a special briefing schedule and the motions were ready for resolution in February of this year. This case, however, had been transferred to Judge Evans when he assumed his judgeship. Upon review of the file he determined that, due to family ties, he had to recuse himself. The case was then reassigned to this Court and, subsequently, the Court granted plaintiff leave to submit additional materials to which defendant has responded. Now, almost a year later, these motions will be resolved.

## MOTION TO STAY THE PROCEEDINGS

Defendant's primary motion is a motion to stay these proceedings pending the resolution of *Coastal States Gas Corporation v. Schlesinger, Secretary of Energy,* C.A. No. 78–549 (D.Del.1978), and *Mobil Oil Corp. v. Dept. of Energy,* 79–CV–11 (N.D.N.Y.1979). Plaintiffs in both these actions are seeking declaratory judgments regarding the validity of the equal application or fictitious recovery rule. 10 CFR § 212.-83(h). This rule, according to Koch, is a vital element in the determination of the maximum allowable price as it relates to recovery of cost increases incurred but not included in a price until subsequent months and the allocation of such carried forward or banked costs. Defendant contends that

if these actions are resolved in favor of the plaintiffs in those actions, it will dispose of most of U.S. Oil's claims here. Furthermore, defendant states that it has raised these same issues in its pleadings.

Defendant argues that a stay is appropriate in this action for three reasons. First, it contends that the issues are so complex and the regulations so incomprehensible that this Court, before proceeding, should have the benefit of the decisions in these other cases. *See Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). Second, the defendant alleges that the plaintiff is forcing it to conduct an extensive audit of its entire records for the last seven years. If these declaratory judgment actions are resolved in defendant's favor, defendant contends that it will have needlessly expended enormous amounts of time and money conducting the audit. Third, the defendant asserts that a stay would be in the interest of judicial economy because the Court would not have to resolve the validity of defendant's affirmative defenses or many complex discovery motions.

In response, plaintiff argues that the motion should be denied because no one knows when these cases will be resolved or their outcome. Further, whatever the result, plaintiff correctly points out, these decisions will not be binding on this Court. Moreover, plaintiff argues that they stand in the shoes of the public because Congress created a private right of action to enforce the price controls and, therefore, a delay would injure the public interest in insuring compliance with these regulations. Finally, plaintiff contends that the motion is sought for delay.

It is within the Court's inherent discretionary power to grant a stay of this action. *Landis v. North American Co., supra.* This discretionary power, however, cannot be exercised without a careful balancing of the potential harms and benefits to each party. In this case, the Court finds that the balancing of potential harm weighs in favor of denying the request for a stay. The Court would note that it has been close to a year since plaintiff commenced this action and it has not advanced beyond the joining of the issues. In effect, therefore, defendant has had a one–year stay already. Furthermore, there is at this time no indication that the *Coastal* or *Mobil* cases are near resolution. Nor is there any assurance that these cases will not settle as another very similar one which defendant relied on previously has done so. *See Cities Services Company v. Schlesinger, Secretary of Energy*, Civ.No. 78–550 (D.Del.); 44 Fed.Reg. 64486 (Nov. 7, 1979); 44 Fed.Reg. 75233 (Dec. 19, 1979) (Notice of settlement). Moreover, even if these cases were decided in defendant's favor, those decisions would not bind this Court and U.S. Oil would be entitled to litigate the issue anew as would defendant if a contrary decision was rendered. Although the Court would have the benefit of these other decisions, it would still have to make its own independent decision on the law. Therefore, notwithstanding the assistance the Court would gain from the other court's views on the law, there is no compelling reason to await their decision. While the Court recognizes that defendant may incur great expense in conducting the audit that plaintiff has apparently requested, the Court does not believe that this is any justification for a stay. Finally, although the Court would not equate the plaintiff with the government or with the public at large, the Court would opine that Congress has provided it with a remedy for alleged overcharges and it is entitled to pursue that remedy. Therefore, the Court must resolve this dispute as quickly as possible. Contrary to defendant's allegations, a stay would not be in the interest of justice or judicial economy.

## MOTION TO STAY OR DISMISS BASED ON THEORY OF PRIMARY JURISDICTION

Defendant requests that the Court dismiss this action or grant a stay pending the outcome of the Department of Energy's (DOE) full scale audit of its books and records. Defendant argues that in view of the complex and intricate nature of the

regulations, this Court should invoke the judicially–created doctrine of primary jurisdiction and either stay or dismiss this action pending the completion of the D.O.E. audit. *See Far East Conference v. United States,* 342 U.S. 570, 574, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952); *Texas and Pacific Railway v. Abilene Cotton Oil Co.,* 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907); *Interstate Commerce Commission v. All–American, Inc.,* 505 F.2d 1360, 1362–63 (7th Cir. 1974).

 Under the doctrine of primary jurisdiction, the Court must determine whether it will stay its hand in a particular matter until an administrative agency considering the same issue makes its ruling. *Interstate Commerce Commission v. All–American, Inc.,* 505 F.2d at 1362. The doctrine as developed by the Supreme Court recognizes the need for cooperation between the federal courts and the administrative agencies in areas where there jurisdiction overlaps. The rule also recognizes that where a case "rais[es] issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, [administrative] agencies created by Congress for regulating the subject matter should not be passed over." *Far East Conference v. United States,* 342 U.S. at 574, 72 S.Ct. at 494. Only where a question is within the special competency of an administrative body should the court await the agency's decision. *United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 64–65, 77 S.Ct. 161, 165–66, 1 L.Ed.2d 126 (1956). In determining whether to apply this doctrine, the Court must ascertain "whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application." *Id.*

Defendant argues that the regulations are so complex that the Court needs the benefit of the D.O.E.'s findings before it can determine whether the plaintiff was overcharged. *Longview Refining Co. v. Shore,* 554 F.2d 1006 (Em.App.) *cert. denied, Shore v. Longview Refining Co.,* 434 U.S. 836, 98 S.Ct. 126, 54 L.Ed.2d 98 (1977). In support of its position, defendant cites a number of cases where the courts have invoked the doctrine of primary jurisdiction in similar instances. *See Orange & Rockland Utilities, Inc. v. Howard Oil Co.,* 416 F.Supp. 460 (S.D.N.Y.1976); *Eastern Airlines, Inc. v. Mobil Oil Corp.,* 403 F.Supp. 757 (S.D.Fla.1975); *Evanson v. Union Oil Company of California,* Civ.No. 4–75–CIV671 (D.Minn.1976). Plaintiff in response, alleges that the issue involved in this case does not require the Court to interpret the D.O.E.'s regulations but rather only to apply those regulations to the facts and determine if there was an overcharge. This determination, plaintiff contends, is one which is uniquely suited to the federal courts because it is something that the courts do each day. Plaintiff has also cited a number of cases where courts faced with the same issue have declined to invoke the doctrine of primary jurisdiction because the case only required the application of the regulation to the facts. *See Go–Tane Service Stations, Inc. v. Ashland Oil, Inc.,* No. 79–C–1675 (N.D.Ill.1979); *Templeton's Service, Inc. v. Mobil Oil Corp.,* 402 F.Supp. 368 (E.D.Mich.1975); *Brennan Petroleum Products, Inc. v. Pasco Petroleum Co., Inc.,* 373 F.Supp. 1312 (D.Ariz.1974). In addition, plaintiff distinguishes the cases cited by defendant because in each of those situations, the issue before the agency was identical to the issue before the court. *See Orange & Rockland Utilities v. Harvard Oil Co., supra,* and *Eastern Airlines, Inc. v. Mobil Oil Corp., supra.* Finally, it indicates that the *Evanson* court has apparently reconsidered its original stay order.

 After reviewing the cases cited by both parties and considering the purposes of the doctrine of primary jurisdiction, the Court concludes that a stay is not appropriate in this instance. The determination the Court must make in this case does not require that it consider the reasonableness of the regulations involved. The Court need only apply the regulations to the facts and make its determination. The Court recognizes and appreciates the complexity of the regulations but does not find that the agency's determination would be particularly

helpful. The agency is not focusing its audit on the sales to this particular plaintiff. Rather it is focusing on the defendant's entire pricing schedule. Furthermore, the plaintiff has no involvement or input into the D.O.E. audit. Finally, the defendant's vice president in December of 1979 indicated that he believed that the D.O.E. audit would be concluded in several months. (See Hall Affidavit, December 3, 1979.) It is now September of 1980 and there is no indication that the D.O.E. audit, which has been ongoing since 1973, is any closer to completion. Awaiting the D.O.E. audit and any possible appeals would seriously impair the plaintiff's right to recovery provided for by the Congress and add little to the speedy resolution of this matter. For the foregoing reasons, defendant's motion to stay or/dismiss based on the doctrine of primary jurisdiction must be and is hereby denied. Similarly, defendant's motion for a stay of discovery on the same grounds must be and is hereby denied.

## MOTION TO DISMISS ON THE BASIS OF THE STATUTE OF LIMITATIONS

Defendant contends that plaintiff's action for damages is timebarred. Defendant asserts that section 893.21(1) of the Wisconsin Statutes sets out the applicable statute of limitation for both the claim of treble damages and compensatory damages. Alternatively, defendant argues that section 893.19 of the Wisconsin Statute governs the request for compensatory damages. Plaintiff alleges that section 893.21(1) establishes the period of limitation for its request for treble damages and that section 893.19 applies to its request for compensatory damages. Furthermore, plaintiff contends that its claims are not timebarred under either statute because U.S. Oil has been continually purchasing petroleum products from the defendant since 1973 and, therefore, each purchase created a separate cause of action for an alleged overcharge.

Because neither the EPA nor the ESA has a statute of limitations provision, the Temporary Emergency Court of Appeals has held that the courts must look to the state law first to determine the applicable limitation period. In *Ashland Oil Co. v. Union Oil Co.*, 567 F.2d 984, 989 (Em.App. 1977), *cert. denied Union Oil Co. v. Ashland Oil Co.*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), the court held that California's one year period of limitation for an "action upon a statute for a penalty or forfeiture" applied to plaintiff's claim for exemplary damages. *Id.* at 990. With respect to the plaintiff's claim for compensatory damages, the court held that California's three year period of limitations for "an action upon a liability created by statute, other than for a penalty of forfeiture" was the appropriate period. *Id.*

In borrowing these state limitation periods, the court noted that it was doing so only because they were not inconsistent with the national policy underlying the acts in question. *Id.* at 989–90. *See Occidental Life Insurance Co. v. E.E.O.C.*, 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977). According to the court the two separate periods were appropriate because they were consistent with the state's interpretation and with the national policy that recovery of exemplary or treble damages was a penalty provision requiring more "stringent proof of additional elements than that warranting the award of merely compensatory relief." 567 F.2d at 990.

Both parties agree that section 893.-21(1) of the Wisconsin Statutes governs U.S. Oil's claim for treble damages. Section 893.21(1) provides for a two year period of limitation for "[a]n action by a private party upon a statute penalty or forfeiture . . . ." This language is very similar to the California statute discussed in *Ashland* and, therefore, the Court concludes that this statute applies to plaintiff's action for treble damages. Contrary to defendant's allegations, however, this statute does not apply to the claims for compensatory damages. To apply it with equal force to the plaintiff's claim for compensatory damages would be inconsistent with the expressed state policy and with the national policy as defined in *Ashland Oil, supra.*

Defendant contends that the six–year limitation period provided for in section 893.19 of the Wisconsin Statutes is unfair and extraordinary and should not be applied to the claims for compensatory damages. Defendant alleges that this period is unfair because the alleged initiating events in this case occurred in 1973 and that a six–year limitation period would lead to a snowballing of consequences across the board for the defendant. Alternatively, defendant asserts that if the six year period applies the Court should rule that the statute of limitations began to run as of May 15, 1973 at which time defendant established its base period and that therefore, the statute has run out.

Plaintiff argues that section 893.19 is applicable to this action for compensatory damages and cites the similar language of the California statute discussed in *Ashland* for support. Furthermore, plaintiff contends that each separate purchase of petroleum products resulted in another cause of action and therefore, its claims are not time-barred.

■ As stated earlier, it is clear that there must be a longer period of limitation for compensatory claims than penalty claims for a state limitation period to be consistent with the national policy reflected in section 210 of the ESA. Section 893.19 establishes a longer period of limitation than 893.21(1). That section 893.19 provides for a six year period does not in this Court's opinion result in any unfairness to the defendant nor is it extraordinary. In a recent case, the district court in New York found that a three year state period of limitation for a penalty claim was appropriate under the act. *See Jennings Oil Co. v. Mobil Oil Corp.*, No. 77 Civ. 1398 (HFW) (S.D.N.Y., August 23, 1979) 1979–2 Trade Cases ¶ 62,826. If a three year period of limitation for a penalty provision is reasonable, this Court cannot conclude that a six year period for a compensatory claim is unreasonable. Even standing alone, this Court would not find such a period unreasonable. Furthermore, the Court would note that the Seventh Circuit has indicated

that the six year period of limitation is applicable to actions under 42 U.S.C. § 1983. Considering the national policy behind that act and the ESA, the Court finds that the six year period under section 893.19 of the Wis.Stats. is appropriate.

■ Applying these provisions to the claims at bar, the Court concurs with the plaintiff that its actions are not barred by the appropriate statute of limitations. As plaintiff has correctly stated, each purchase and concurrent alleged overcharge created a separate cause of action. *Jennings Oil v. Mobil Oil, supra.* Thus, plaintiff is entitled to sue for recovery of compensatory damages for all alleged overcharges dating back six years from the filing of this action and for penalty or treble damages for all overcharges dating back two years from the filing of this action.

### MOTION TO REQUIRE EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ Defendant has also moved this Court for an order requiring that the plaintiff exhausts its administrative remedies, whatever they may be, before proceeding with this case. At the time the defendant filed this motion, the exhaustion of administrative remedies was still somewhat of an open question. Recently, however, the Temporary Emergency Court of Appeals has held that "an aggrieved party need not either commence nor exhaust available administrative proceedings prior to the filing of a private action." *Bulzan v. Atlantic Richfield Co.*, 620 F.2d 278, 282 (Em.App.1980). Despite defendant's assertions to the contrary, this decision and the clear reasoning of the *Bulzan* court is controlling. Therefore, defendant's motion to require plaintiff to exhaust its administrative remedies must be and is hereby denied.

### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant complains that the plaintiff's complaint is defective because plaintiff has not met the statutory prerequisite to recovery under section 210(b) of the ESA. Specifically, defendant asserts that plaintiff never made a *bona fide* claim for a refund.

Under section 210(b) of the ESA, where there is no claim of willfulness:

No. action for an overcharge may be brought by or on behalf of any person unless such person has first presented to the seller or renter a *bona fide* claim for refund of the overcharge and has not received repayment of such overcharge within ninety days from the date of the presentation of such claim.

In *Dempsey v. Rhodes Oil Co.*, 620 F.2d 274, 276–77 (Em.App.1980), the court set out the explicit requirements under section 210(b). The court stated:

As conditions precedent to a purchaser's right to recover overcharges in an action in federal court: There must be a claim; the claim must be for a refund; it must be presented by the purchaser; and it must be presented to the seller. *Id.* at 277.

The Court went on to reaffirm its earlier holding that the claim must be made for a sum certain. *Id. See Evans v. Suntreat Growers and Shippers, Inc.*, 531 F.2d 568, 571 (Em.App.1976).

On December 22, 1978, plaintiff's counsel herein wrote a letter to defendant demanding a refund for overcharges. The pertinent portions of the letter provided:

The basis for this claim is the failure of Koch to adhere to the provisions of the Mandatory Petroleum Price Regulations (10 C.F.R. § 212.82, *et seq.*), and the predecessor Cost of Living Council Price Regulations, in establishing its selling prices for No. 1 fuel oil, No. 2 fuel oil and motor gasoline.

Specifically, Koch Refining has failed to charge prices which reflected Koch's lawful May 15, 1973 selling prices to the class of purchaser which includes U.S. Oil as a member, plus lawful increased costs, as prescribed by the Regulations, with respect to the sale of No. 1 fuel oil, No. 2 fuel oil and motor gasoline from August 1, 1973.

The overcharges resulting from these violations, according to the calculations of U.S. Oil, have varied from 6 cents to 1 cent per gallon. Based upon purchases of motor gasoline from August 1, 1973 through November 30, 1977 of approximately 64,523,000 gallons, and an average overcharge of 3 cents per gallon, a refund of $1,935,690 is requested. Based upon purchases of No. 1 fuel oil and No. 2 fuel oil from August 1, 1973 through June 30, 1976 of approximately 16,437,000 gallons, and an average overcharge of 3 cents per gallon, a refund of $493,110 is requested.

In response to this demand, defendant wrote two letters to plaintiff informing it that defendant could not ascertain the validity of plaintiff's demand; and that defendant requested plaintiff specify the class of purchasers it considered itself in and the base period transactions with that class of purchasers. Defendant also demanded other information.

Plaintiff apparently did not respond to these requests but rather elected to await the ninety days as required and filed suit without any further attempt to resolve the dispute. Defendant alleges that because plaintiff failed to make any effort to particularize its claim in its letter or in subsequent negotiations, it has not made a *bona fide* claim for a refund. Defendant correctly states that the legislative purpose behind requiring a person to make a claim before proceeding was to provide an opportunity and incentive for non–judicial settlement of meritorious claims. *Dempsey v. Rhodes Oil Co., supra*, and *Longview Refining Co. v. Shore*, 554 F.2d at 1012. From this, defendant argues that plaintiff's claim must be very specific and implicitly they argue that plaintiff must also be willing to negotiate during the 90–day period before a suit may be filed.

Plaintiff argues that the letter it sent constitutes a *bona fide* claim for a refund under section 210(b). Plaintiff alleges that its letter demands a sum certain, specifies the products for which the overcharge is claimed, and cites the regulations it alleges defendant violated. Furthermore, plaintiff argues that there is no duty to negotiate but only that it wait the ninety days before filing an action.

It is clear from the legislative history that Congress wanted to promote extrajudicial resolution of *bona fide* claims for overcharges and prevent frivolous lawsuits. See *Dempsey v. Rhodes Oil Co.*, 620 F.2d 276–77, *citing* 117 Cong.Rec. 43712 (1971). The statute, however, does not specifically require the parties to negotiate prior to filing a lawsuit. Where Congress has so desired that such a system be established, it has done so. *See* section 110(a)(3)(C)(i) of the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310(a)(3)(C)(i) (1975). Therefore, the Court cannot conclude that the Congress meant to *require* negotiations between the parties. Rather Congress only meant to encourage negotiations.

 This conclusion does not, however, mean that the plaintiff's claim was *bona fide*. To be *bona fide*, the Court finds that the claim must have been made in good faith. That is, the plaintiff must have a genuine belief that it was overcharged and it must have based its demand for a refund on some objective calculation of the overcharged amount. Merely haphazardly selecting a three cent a gallon overcharge average would not constitute good faith. Furthermore, the Court finds that the plaintiff's failure to respond to the defendant's request for information raises an issue for trial as to whether the plaintiff's claim, which met the requirements of section 210(b) as to form, was made in good faith.

## MOTION TO STRIKE PLAINTIFF'S REQUESTS FOR CONSEQUENTIAL AND INCIDENTAL DAMAGES

Defendant contends that under section 210(b)(2) of the ESA, the plaintiff is limited to recovery of the overcharge amount if the overcharge was not willful. Defendant argues that section 210(b) creates a special remedy for overcharge actions and that this remedy is exclusive. Furthermore, defendant cites similar statutory language in the Emergency Price Control Act of 1942, 50 U.S.C. Appendix 925(e) and the Defense Production Act of 1950 which the courts have consistently interpreted to prohibit consequential and incidental damages. *See*

*Porter v. Rumsey*, 159 F.2d 180, 181 (10th Cir. 1947); *United States v. Saunders*, 113 F.Supp. 386, 389 (W.D.Okla.1953) *rev'd on other grounds*, 214 F.2d 744 (10th Cir. 1954).

Plaintiff contends that it is entitled to recover consequential and incidental damages because section 210(a) of the ESA provides for damages from any legal wrong and, therefore, it is entitled to consequential damages for the overcharge. The plaintiff further contends that this right of recovery is not limited by the provisions of section 210(b). *See Newman Oil Co. v. Atlantic Richfield Co.*, 597 F.2d 275 (Em.App.) *cert. denied, Atlantic Richfield Co. v. Newman Oil Co.*, 444 U.S. 842, 100 S.Ct. 84, 62 L.Ed.2d 55 (1979).

 Section 210(a) of the ESA is the jurisdictional basis for suits under the ESA and EPAA. This section has been broadly interpreted to allow suits not only for overcharges but for fraud and deceit as well. *Newman Oil v. Atlantic Richfield, supra.* Section 210(b)(2), by its expressed provisions, applies to actions for overcharges. Contrary to plaintiff's allegation, section 210(b)(2) does expressly limit the damages that a party can recover for overcharges. The language provides:

> [T]hat in ... case[s] where ... the overcharge [is] not intentional and result[s] from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to the avoidance of such error the liability of the defendant shall be limited to the amount of the overcharge.

The clear import of the language is that consequential damages are not recoverable in an action for overcharges. This is not contrary to the decision in *Newman Oil, supra*, because it in no way limits plaintiff's right to recover any type of damages for any action other than one for an overcharge. Therefore, the Court finds defendant's motion to strike plaintiff's claim for consequential and incidental damages as they relate to the claims for overcharges must be and is hereby granted.

MOTION FOR JUDGMENT ON THE
PLEADINGS WITH RESPECT TO
THE SIXTH CAUSE OF ACTION

Plaintiff's sixth cause of action alleges that Koch Oil has failed to offer the plaintiff surplus products as the DOE regulations require. 10 CFR § 211.10(g)(5). Plaintiff seeks a declaratory judgment that defendant violated the allocation regulations and injunctive relief to prohibit Koch from continuing to violate the regulation. Finally, plaintiff has requested incidental and consequential damages.

■ Defendant contends that plaintiff has failed to state a claim for relief because it did not allege that it ever demanded any surplus product, that it was willing to accept any surplus, and that it had storage facilities for any surplus products. Furthermore, Koch argues that plaintiff has failed to allege any injury from the alleged discrimination.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff's claim in this instance, although very broadly worded, is sufficient to put the defendant on notice of the claim that the defendant violated 10 CFR § 211.10(g)(5). Therefore, defendant's motion to dismiss must be and is hereby denied.

In summary, defendant's motion to strike plaintiff's request for consequential and incidental damages with respect to its action for overcharges is granted. All other motions are denied.

SO ORDERED.