U. S. OIL COMPANY, INC., Martin Oil
Service, Inc., and Saturn Petroleum
Company, Plaintiffs,

v.

DEPARTMENT OF ENERGY, James B.
Edwards, Secretary of Energy, Avrom
Landesman, Acting Special Counsel for
Compliance, and Koch Industries, Inc.,
Defendants.

No. 81–C–196.

United States District Court,
E. D. Wisconsin.

March 27, 1981.

John E. Varnum, Batzell, Nunn & Bode, Washington, D. C., and Gilbert W. Church, Foley & Lardner, Milwaukee, Wis., for plaintiffs.

Barry J. Sheingold and Janice A. Alperin, Dept. of Energy, Washington, D. C., for DOE, Edwards and Landesman.

Kenneth L. Bachman, Jr., Cleary, Gottlieb, Steen & Hamilton, Washington, D. C., and Wayne E. Babler, Jr., Quarles & Brady, Milwaukee, Wis., for Koch.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The plaintiffs, U. S. Oil Company (U. S. Oil), Martin Oil Service, Inc. (Martin) and Saturn Petroleum Company (Saturn), are major customers of Koch Refining, a subsidiary of defendant, Koch Industries, Inc. (Koch). U. S. Oil and Saturn have separate actions pending against Koch's subsidiary for alleged overcharges on sales of motor gasoline. Martin has filed a request for a refund and will file suit after the lapse of the ninety-day period required under section 210(b) of the Economic Stabilization Act (ESA), 12 U.S.C. § 1904 note.

These three non-branded independent marketers of motor gasoline have joined together in this action against the Department of Energy (DOE), the Secretary of Energy, the Acting Special Counsel for Compliance, and Koch. Plaintiffs seek declaratory and injunctive relief against DOE to prevent the entry of a proposed consent order between DOE and Koch.

In 1973, the predecessor of the Department of Energy began an audit of Koch to determine if Koch was in compliance with the price regulations in effect. This audit continued under DOE, and DOE completed the audit in October of 1980. On January 26, 1981, DOE published a notice in the *Federal Register* of a proposed consent order between itself and Koch. 46 Fed.Reg. 8100 (Jan. 26, 1981). The proposed consent order provides for refunds to certain state and local governments and utilities which are customers of Koch. It also establishes a four million dollar claim fund for the benefit of other customers of Koch. In addition, Koch must roll back the price of motor gasoline at service stations owned and operated by Koch by at least three cents per gallon. The roll back remains in effect until two million dollars has been refunded. Koch is also required to reduce its banks of unrecovered costs which were used to justify price increases during the price control period. Finally, under the terms of the proposed consent order, Koch is relieved from the recordkeeping requirements of 10 CFR § 210.92 for the period covered by the consent order. The notice provided for a thirty-day comment period by the public. That comment period expired on February 25, 1981.

On the same day, plaintiffs filed this action and a motion for a preliminary injunction. After a full briefing schedule, the Court heard arguments on the motion for a preliminary injunction and defendants' motion to dismiss on March 19, 1981. The following is a resolution of those motions.

In their complaint, plaintiffs allege three causes of action. The first cause of action alleges that DOE violated its own regulations because the proposed consent order fails to set forth "the relevant facts which form the basis for the Order." 10 CFR § 205.119J(a). Plaintiffs maintained this failure deprives them of a meaningful right to comment on the proposed consent order.

Plaintiffs' second cause of action alleges that the remedial actions provided for in the proposed consent order, as set forth above, are insufficient because they do not provide for compensation for all overcharges. Plaintiffs argue that, in light of President Reagan's recent decision to end price controls, DOE, in effect, bargained for nothing when it agreed to a reduction in Koch's "banks" to 277 million dollars.

The third and final cause of action alleges that DOE has abused its discretion in granting a blanket exemption to Koch from the recordkeeping requirements set out in 10 CFR § 210.92. Plaintiffs contend such a waiver would seriously jeopardize their private actions brought under section 210 of the ESA.

For these alleged violations, plaintiffs seek both preliminary and permanent injunctive relief against the finalization of the consent order until DOE complies with its own regulations and until it rescinds the blanket waiver granted to Koch regarding recordkeeping. Plaintiffs also ask for a declaratory judgment that the terms and conditions of the proposed consent order are arbitrary, capricious, unlawful and represent an abuse of discretion.

In response to plaintiffs' complaint and motion for a preliminary injunction, the federal defendants and Koch have independently filed motions to dismiss. Both motions, however, state similar claims for dismissal. Defendants contend the case should be dismissed because: (1) the Court lacks subject matter jurisdiction, (2) the case is not ripe, (3) the plaintiffs lack standing, and (4) plaintiffs have failed to state a cause of action upon which relief can be granted. In addition, the defendants assert the Court has no authority to grant injunctive relief and even if it does, plaintiffs have not met the requirements for relief. Finally, defendant Koch claims that it is an indispensable party to the action and the Court lacks personal jurisdiction over it. Because certain of defendants' defenses are of a primary nature, the Court will address them first.

■ The concept of standing has evolved over time. *Linda R. S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). Presently, to establish standing, plaintiffs must demonstrate that they have " 'such a personal stake in the outcome of the controversy' as to warrant [their] invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). This standard requires the plaintiffs to show a direct injury to themselves. They must also demonstrate that this injury is "likely to be redressed by a favorable decision." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). If plaintiffs are unable to meet this two-pronged test, they cannot establish standing.

Plaintiffs' complaint, as summarized above, alleges three causes of action. The first involves a procedural attack in which plaintiffs claim their right to comment is injured. The second and third causes of action involve claims of injury due to certain substantive portions of the proposed consent order. Plaintiffs allege they will be injured because the remedial actions required by the proposed consent order are insufficient to provide them any relief and because the recordkeeping waiver would allow Koch to destroy needed evidence. Plaintiffs maintain that these allegations demonstrate sufficient direct injury to meet the first requirement of standing.

Defendants argue that the plaintiffs have sustained no injury in fact because their right to comment is a generalized right belonging to the public and lacks the specificity and peculiarity needed to establish a personal injury. Furthermore, with regard

to the remedial action set forth in the proposed consent order and the recordkeeping waiver, defendants contend the plaintiffs' private section 210 suits immunize them from any injury and the proposed consent order does not effect the plaintiffs' rights and abilities to pursue their 210 actions.

Section 210 of the ESA provides for a private cause of action to recover overcharges in excess of the applicable price regulations. U. S. Oil and Saturn both have such actions pending against Koch and Martin will be filing one soon. A consent order between DOE and Koch would have no effect on the plaintiffs' section 210 actions. Indeed, U. S. Oil recognized this in an earlier argument made before this Court in *U. S. Oil v. Koch Refining*, D.C., 497 F.Supp. 1125. There, U. S. Oil, in arguing against a stay, contended that the consent order would not affect its section 210 action in any way. Relying in part on this representation, the Court denied defendants' motion for a stay. *U. S. Oil v. Koch Refining*, 497 F.Supp. 1125, 1129–30 (E.D.Wis.1980).

■ Rather than resulting in any injury to the plaintiffs, the proposed consent order would provide an alternative method for relief. Plaintiffs would have a right to make a claim against the four million dollar fund established by the consent order. Ordinarily, private litigants do not have such an alternative. Given such a situation, the Court finds that the plaintiffs are not injured by the lack of further remedial measures in the proposed consent order. The remedial measures set forth in the proposed consent order represent a fortuitous benefit to the plaintiffs, not an injury. Therefore, with respect to count two of plaintiffs' complaint, the Court finds that plaintiffs lack standing because they have shown no injury to themselves.

■ Similarly, the plaintiffs have sustained no injury as a result of the waiver of the recordkeeping provisions in the proposed consent order. The recordkeeping provisions established by the DOE were never intended to assist private litigants. They were designed and created to assist the DOE in determining whether the de-

fendants and other major oil refiners and producers were complying with the price regulations. *See* Energy Conservation and Production Act, Section 107, P.L. 94–385 (1976), 15 U.S.C. § 772(g); 10 CFR § 210.92. That the records may provide an indirect benefit to the plaintiffs is not sufficient to confer standing on them. *Duke Power Company v. Carolina Environmental Study Group*, 438 U.S. 59, 72–74, 98 S.Ct. 2620, 2629–31, 57 L.Ed.2d 595 (1978). Moreover, the plaintiff U. S. Oil has moved to preserve these records and other records in *U. S. Oil v. Koch Refining*, D.C. 497 F.Supp. 1125. The mere pendency of that motion protects plaintiffs from any conceivable injury. The entry of an order in that case will preserve the records, not only for the plaintiff U. S. Oil, but for all potential customers of Koch. Such an order has been entered as of today. Thus, the plaintiffs will not sustain any injury as a result of the proposed consent order. On the basis of the foregoing, the Court finds that the plaintiffs lack standing to assert their third cause of action.

■ The most difficult aspect of the standing issue concerns the plaintiffs' first allegation that the failure to set forth relevant facts in the proposed consent order injured them by depriving them of the meaningful right to comment and that this failure may cause them to suffer substantial injury in the prosecution of their section 210 actions. With regard to the potential injury that plaintiffs may suffer in the prosecution of their 210 actions, the Court has no doubt that such an allegation is insufficient to confer standing on plaintiffs. The mere possibility of injury is not enough to invoke the Court's remedial authority in this situation. *See Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. at 42–43, 96 S.Ct. at 1926–1927; *Warth v. Seldin*, 422 U.S. at 502–504, 95 S.Ct. at 2207–2208.

Plaintiffs' other allegation raises a similar problem, yet the resolution of this issue is less clear. In the abstract, plaintiffs' allegations that they are denied the meaningful right to comment appear specific

enough to satisfy the first requirement of standing. On closer inspection, however, it is doubtful whether there is an identifiable injury resulting from the alleged violation. Plaintiffs have not and cannot allege that given the information they seek, their comments would be any more meaningful or be given any more attention than those comments they have already filed. Therefore, the extent of their injuries is somewhat speculative. This is in part due to the nature of the right to comment—a right belonging to the general public—and as such it is difficult for any one member of the general public to particularize to itself the right and any damages that may flow from a violation of that right. *Schlesinger v. Reservests Committee to Stop the War,* 418 U.S. 208, 220, 94 S.Ct. 2925, 2931, 41 L.Ed.2d 706 (1974). The Court need not, however, resolve this difficult question because plaintiffs are unable to meet the second requirement of the standing test.

The second prong of the standing test requires that there be a substantial likelihood that the exercise of the Court's remedial powers would redress the claimed injuries. *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. at 74, 98 S.Ct. at 2630. In this instance, plaintiffs seek declaratory relief and injunctive relief prohibiting the finalization of the consent order until further relevant facts are set forth. The effect of a declaratory judgment is doubtful. Plaintiffs admit that re-opening of the consent order for further comment after finalization would be of little benefit. In the absence of affirmative or mandatory injunctive relief, the mere declaration of rights could not redress plaintiffs' injuries.

Ordinarily, injunctive relief would present a substantial likelihood that plaintiffs' claims would be redressed. In this case, however, injunctive relief is not a remedial power available to the Court. Section 211(d) and 211(e) of the ESA, govern the granting of injunctive relief. Section 211(e) of the ESA prohibits a district court from entering either a preliminary or permanent injunction in most circumstances. The district court's authority is limited to making a declaration of the rights of the parties. An aggrieved party may then seek an order from the Temporary Emergency Court of Appeals (TECA) for an injunction. If TECA finds an injunction is appropriate, it may enter one.

The only exception to the limitation on the district court's injunctive power is contained in section 211(d)(2) of the ESA. That section provides that a district court may issue a preliminary injunction enjoining the application of a particular order to a person before the court. The order must, however, apply to the person. Third parties do not come within the exception. Section 211(d)(2) of the ESA, 15 U.S.C. § 1904 note; S.Rep.No. 92–507 92d Cong. 1st Sess. (1971), *reprinted in* [1971] U.S.Code Cong. & Ad. News 2283, 2292–94.

■ Because the consent order does not apply to the plaintiffs, the Court cannot issue either permanent or temporary injunctive relief. Therefore, there is no substantial likelihood that the Court can afford plaintiffs the relief necessary to redress their claims. Consequently, the Court must conclude that the plaintiffs lack standing to bring their claims under count I of the complaint as well as counts II and III.

■ Even assuming that the plaintiffs were able to demonstrate that they have standing to assert their claims, the Court finds that it lacks subject matter jurisdiction to review the substance of the proposed consent order. The proposed consent order between DOE and Koch is an administrative order. DOE is not seeking and does not need the approval of this Court to enter into such a consent order. The language of the relevant statutes which created and granted authority to DOE indicate that Congress intended DOE to have broad powers to enforce the price regulations. These statutes also indicate that DOE was given broad discretion in its enforcement of its rules and regulations. *See Department of Energy Organization Act,* Sections 503(a) and 644, 42 U.S.C. §§ 7193, 7254. A fair reading of these legislative enactments, leads to the conclusion that the entering of

a consent order is a decision left to the discretion of DOE and is not reviewable by this Court under most circumstances. *See Wheelabrater Corp. v. Chafee*, 455 F.2d 1306, 1311–12 (D.C.Cir.1971). There being no exceptional circumstances presented in this case, the Court concludes that the substance of the consent order is unreviewable. Moreover, the provisions for a private right of action under section 210 of the ESA lend further support to this conclusion because it assures that no private rights are adversely affected by the entry of a consent order between DOE and Koch. Based on the foregoing, the Court must conclude that it has no subject matter jurisdiction to review the substance of the consent order.

■ Finally, assuming the plaintiffs could establish subject matter jurisdiction with regard to count I of its complaint, the Court would dismiss it for failure to state a cause of action pursuant to rule 12(b)6 and rule 56 of the Federal Rules of Civil Procedure. Although the information provided is not as complete as plaintiffs would like, the Court is satisfied that, as a matter of law, the information set forth by the DOE in paragraphs 301 to 306 of the proposed consent order comply with its own regulations requiring the setting forth of relevant facts upon which the order is based. 10 CFR § 205.199.5. Had DOE intended that consent orders contain any more information it would have explicitly required it in its regulations, as it did for remedial orders. *See* 10 CFR § 205.192(a) and 205.199B(a). Therefore, the Court is satisfied that the DOE has not violated its own regulations.

In summary, for the reasons stated above, the Court finds the plaintiffs' motion for a preliminary injunction must be and is hereby denied and that this case must be and is hereby dismissed.