PEARSON, Judge.
Each of these appeals is brought by Allen Morgan and Ronald Morgan, who were the defendants in an action brought by Jerome Glassman and Stephen Norman for specific performance of a contract. The earlier appeal is from an order denying the defendants’ motion for summary judgment.[1] The second appeal is from the final judgment for the plaintiffs. We affirm.
The plaintiffs alleged that they entered into an oral agreement with the defendants in November, 1969, whereby in consideration of the plaintiffs’ efforts in securing for a corporation to be organized, known as International Realty of Tomorrow, Inc., a sales representation contract with Grove-land Ranch Acres, Inc., the plaintiffs agreed to accept twenty-six percent of the authorized stock of the prospective corporation, or, in the alternative,' to accept an amount equal to one-half of the stock to be obtained by the defendants, whichever amount would be greater. The plaintiffs further alleged that they performed and the corporation was created, but that the defendants appropriated the plaintiffs’ stock to their own use.
After trial, the court entered the following findings: (1) The oral contract was made as alleged. (2) As a result of the contract, the plaintiffs were at all times owners of twenty-six percent of the stock of International Realty. (3) The defendants became the controlling stockholders and prevented the issuance of this stock. (4) The defendants caused the twenty-six percent of stock to be issued to themselves. (5) The defendants exchanged the stock wrongfully issued to them for stock in a corporation known as “Republic Corporation” (a public company). (6) The plaintiffs were entitled to receive twenty-six percent of the stock which the defendants obtained in Republic Corporation.
*675 The main thrust of appellants’ argument on both appeals is that the alleged contract was in legal effect an agreement by unlicensed real estate brokers to procure a listing of property to be sold, and that such an agreement is unenforceable because of Fla.Stat. § 475.41, F.S.A. Fla.Stat. § 475.41, F.S.A. provides that “[n]o contract” for compensation by an unlicensed person “shall be valid” where the unlicensed person, according to the language of Fla.Stat. § 475.01(2), F.S.A. agrees to “take any part in the procuring of sellers . . .” or “shall direct or assist in the procuring of prospects . . .”.
The trial judge held that the contract between the appellants and the appel-lees was not rendered invalid by the statute because nothing in the letter or spirit of Chapter 475 prohibits one from agreeing to become a shareholder in a corporation subsequently to be formed in exchange for making available to that corporation the opportunity to secure a non-exclusive sales agreement. We think that this holding of the trial judge is not inconsistent with the purpose of the statute to protect the public in general from untrained and unsupervised real estate operators.
The courts have not hesitated to apply the statute where the public is affected. See Florida Real Estate Commission v. McGregor, Fla.1972, 268 So.2d 529; Bradley v. Banks, Fla.App. 1972, 260 So.2d 256; Aligood v. Florida Real Estate Commission, Fla.App.1963, 156 So.2d 705. In the case at bar, the contract between the parties contemplated the formation of a corporation to be properly licensed, which would engage in the procuring of prospects for the sale of real property. Such a contract falls outside the scope of the statute. No protection of the public would be accomplished by the application of the statute; rather, the defendants would gain an unconscionable advantage by avoiding a just obligation which they had contracted to pay. See Pokress v. Tisch Florida Properties, Inc., Fla.App.1963, 153 So.2d 346, 350.
Appellants present two additional points in their appeal from the final judgment. The first questions the sufficiency of the proof. The second urges that the defendants established as a defense the fact that certain money had been due to the defendants from International Realty before they traded their stock. We have examined the record in the light of these points and hold that the proof submitted meets the standard enunciated by the Supreme Court in Miller v. Murray, Fla. 1953, 68 So.2d 594, 596. The record does not sustain appellants’ contention that they established an equitable defense.
Affirmed.

. This court reserved ruling until final disposition of the cause by the trial court. See FAR 4.2(f), 32 F.S.A.