413 So.2d 772 (1982)
Lawrence E. COOPER, Appellant,
v.
John P. PARIS, Individually and Doing Business As Paris Properties, Appellee.
No. AF-310.
District Court of Appeal of Florida, First District.
March 15, 1982.
Rehearing Denied May 21, 1982.
Dana G. Bradford, II, of Mahoney, Hadlow & Adams, Jacksonville, for appellant.
Jerry W. Gerde of Davenport, Johnston, Harris & Gerde, Panama City, for appellee.
McCORD, Judge.
Cooper, a Georgia investor, appeals from a final summary judgment holding that he is not entitled to restitution for monies paid under a contract which was void and illegal pursuant to the provisions of Chapter 475, Florida Statutes. We reverse.
In mid-1973, appellee Paris, a licensed real estate broker under the laws of the State of Georgia, learned that certain Gulf *773 County, Florida, acreage was on the market. He then followed a course of action that ultimately led to the formation of a binding contract for the sale of the land between a real estate investment company, Hilton & Associates, and Cooper. Paris's activities in this regard included telephone calls from Atlanta to Panama City for the purpose of discussing the property and the terms of its sale, a visit to the property, preparing Cooper's written offer of purchase, working with Cooper's attorneys on the sales contract, returning to Panama City for further discussions and negotiations concerning the contract, and attending the closing of the sale in Panama City in February of 1974. As a result of this sale Paris received a $315,070 commission in the form of a $215,070 note secured by the real property and a check for $100,000 from Cooper. Paris then returned the $100,000 check to Cooper and, in return, was given a check for $25,000 and a demand note for $75,000.
Cooper subsequently defaulted on his payments to both Hilton & Associates and Paris. When Hilton & Associates initiated foreclosure proceedings in circuit court, Paris cross-claimed against Cooper seeking recovery under the promissory notes. Cooper, in turn, counterclaimed against Paris, seeking to have Paris's conduct declared to be that of an unlicensed real estate broker, thus invalidating the promissory notes held by Paris. Cooper also sought recovery of the sums, $25,000 and $12,904, which he had already paid to Paris. The $12,904 figure constituted payment on the $75,000 demand note.
The major dispute between Cooper and Paris was decided in favor of Cooper, the trial court finding that Paris had acted in the capacity of an unlicensed real estate broker in the State of Florida, thereby fatally tainting the promissory notes. This finding was upheld on appeal. Paris v. Hilton, 352 So.2d 534 (Fla. 1st DCA 1977). In subsequent proceedings on the secondary issue of whether Cooper was entitled to restitution for payments already made to Paris, the trial court granted final summary judgment in Paris's favor.
Both parties agree, and decisional law overwhelmingly supports the view, that this contract was void and illegal ab initio:
The broad basis for the doctrine that contracts of certain unlicensed persons are unenforceable is that the courts should not lend their aid to the enforcement of contracts where performance would tend to deprive the public of the benefits of regulatory measures.
Williston on Contracts, § 1765, p. 247. This general rule is subject to the exception that where the parties are not in pari delicto, the innocent party may recover. See Singleton v. Foreman, 435 F.2d 962 (5th Cir.1970). Here, Paris argued that Cooper is in pari delicto with him because both Cooper and his attorney knew that Paris was not licensed to transact real estate business in Florida. While the evidence is conflicting on whether Cooper himself knew that Paris was not licensed, Cooper's attorney admitted that he knew Paris was not licensed as a real estate agent in Florida. However, even if Cooper knew of Paris's status and nevertheless participated in making the illegal contract, this fact would not prevent him from maintaining an action for restitution:
When the legislature enacts a statute forbidding certain conduct for the purpose of protecting one class of persons from the activities of another, a member of the protected class may maintain an action notwithstanding the fact that he has shared in the illegal transaction. The protective purpose of the legislation is realized by allowing the plaintiff to maintain his actions against the defendant within the class primarily to be deterred. In this situation it is said that the plaintiff is not in pari delicto. This rule is applied in favor of a person seeking to recover back money for services performed by a person lacking a required license to perform such services. (emphasis supplied)
Annot. 74 ALR3rd 637, 662. The manifest purpose of Chapter 475, Florida Statutes, is to prevent unscrupulous real estate practices *774 and to promote the protection of the consumer/purchaser. See Morgan v. Glassman, 285 So.2d 673 (Fla. 3rd DCA 1973). The public interest is protected where personal service is to be rendered by the licensed real estate agent through a requirement that the license may be issued only upon satisfactory proof of honesty, truthfulness, good reputation, competency, and experience. § 475.17, Fla. Stat. To this end, the Act subjects the unlicensed real estate agent not only to forfeiture of his right to compensation but also to criminal liability. § 475.42, Fla. Stat. While we certainly do not condone the actions of Cooper or his attorney, the statute prescribes punishment against only one party to the agreement, Paris. Therefore, to refuse to return the monies paid would affront this Court's affirmative duty to see that the party violating public policy not benefit in any way as a result of his wrongdoing. Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953). Otherwise, Paris stands to be rewarded for his illegal activities, a result to which this Court cannot subscribe. Moreover, by allowing Paris to keep these monies this Court would implicitly encourage unlicensed persons to seek up-front money, thereby eviscerating the salutary purpose of Chapter 475 by permitting those persons to keep any funds garnered prior to a judicial declaration that the contract is void. Accordingly, this cause is REVERSED and REMANDED for entry of judgment in favor of Cooper.
ERVIN and SHAW, JJ., concur.