STONE, Judge.
The trial court vacated and set aside a final judgment for the appellant upon determining, pursuant to a post-trial motion, that the judgment was based on a void contract. We affirm the determination that the plaintiff may not recover real estate commissions paid to an unlicensed agent. However, the record reflects that other sums were included in the jury’s verdict that were not invalid.
We therefore reverse and remand for a new trial on plaintiff’s claims other than for commissions. See Title and Trust Co. of Florida v. Parker, 468 So.2d 520 (Fla. 1st DCA 1985). As to the second count in the complaint, we also note that section 812.035(7), Florida Statutes, has been amended. Since the effect of this amendment has not been briefed, we make no comment other than to draw the attention of the court and parties to Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA 1987). The attorney’s fee issue is now moot. However, we note that if a party were entitled to statutory attorney’s fees, the court would be required to comply with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
GLICKSTEIN and WALDEN, JJ., concur.