**Paul R. MARCUS, Plaintiff,**

v.

**GARLAND, SAMUEL & LOEB, P.C.,
and Edward T.M. Garland,
Defendants.**

**No. 05–21550–CIVKING.**

United States District Court,
S.D. Florida.
Miami Division.

July 2, 2006.

Mary Margaret Schneider, Esq., Levey, Airan, Brownstein, Friedman et al., Coral Gables, FL, Counsel for Plaintiff.

Joseph David Wentworth Beeler, Esq., Bryan Robert Cleveland, Esq., Ferrell Law P.A., Miami, FL, Counsel for Defendant.

### *FINAL SUMMARY JUDGMENT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court upon Defendants' Motion for Final Summary Judgment (DE # 24), filed May 8, 2006.[1] July 3, 2006, the Court heard Oral Argument on the instant Motion. (*See* DE # 37.)

## I. BACKGROUND

Plaintiff, Paul Marcus [Florida lawyer] filed the above-styled breach of contract action against Defendants, Garland, Samuel & Loeb, P.C. and Edward Garland [Georgia law firm and Georgia lawyer] to enforce an oral agreement to share attorney's fees without the client's consent.

Plaintiff's Complaint alleges that on or about September 15, 2001, Plaintiff referred a client [Jerome Jacobson][2] to Defendants. (Plaint. Comp. at ¶¶ 5–6.) Plaintiff alleges that at the time Plaintiff referred "his client" to Defendants, it was agreed that Plaintiff would participate in the client's legal representation in the federal case. (Plaint. Comp. at ¶¶ 5–6.) Plaintiff further alleges that at the time Plaintiff referred "his client' to Defendants, it was agreed that Plaintiff's participation fee would be one-third (1/3) of the

---

1. May 31, 2006, Plaintiff filed his Opposition to the instant Motion. (*See* DE # 28.) June 9, 2006, Defendants filed their Reply in support of the instant Motion. (*See* DE # 32.)

2. Mr. Jacobson was facing prosecution in the United States District Court in and for the Middle District of Florida.

fee "Plaintiff's client" paid to Defendants. (Plaint. Comp. at ¶ 7.)

In its Answer and Affirmative Defenses, Defendants contend that Plaintiff's attempt to enforce an oral fee-sharing agreement fails to comply with the requirements of Rule 4–1.25(g) of the Florida Rules of Professional Conduct, and is therefore unenforceable. (Def. Affirm. Defenses. at ¶ 1.) Defendants further contend that Plaintiff's claims fail due to the fact that the alleged contract is unenforceable under the statute of frauds. (Def. Affirm. Defenses. at ¶ 7.)

### A. Defendants' Argument in Support of its Motion for Final Summary Judgment

Defendants contend that even accepting Plaintiff's version of the events as true, the following arguments show that there are no issues of material fact to support Plaintiff's claims: (1) it is undisputed that the alleged fee-sharing agreement was not reduced to writing; (2) it is undisputed that the alleged fee-sharing agreement was not communicated to the client (Mr. Jacobson); and (3) the claims at issue are barred by Florida Statute Section 725.01 [statute of frauds], due to the undisputed fact that the alleged fee-sharing agreement relating to Plaintiff's participation in the legal representation of Mr. Jacobson's case was intended to last for more than one year.

### B. Plaintiff's Argument in Opposition to Plaintiff's Motion

Plaintiff submits that the contract at issue [oral contract to share attorneys fees without the client's consent] is enforceable and valid based upon the following arguments and/or events: (1) Defendant Garland, on October 9, 2001, mailed Plaintiff a letter [3] with an enclosed $5,000 check [4] as an initial payment [referral fee] for referring Mr. Jacobson to Defendants; (2) Plaintiff repeatedly asked Defendants to provide him with a copy of the retainer agreement [5] between Defendants and Mr. Jacobson; (3) Plaintiff repeatedly stated his willingness to participate in the case; and (4) under the doctrine of promissory estoppel, there is sufficient consideration to enforce the oral contract because Defendants should have realized that Plaintiff, at the time Plaintiff and Defendant allegedly entered into the oral contract, would have and did rely upon Defendants' promise to share the attorney's fees relating to Mr. Jacobson's case.[6] As to Defendants' affirmative defense of statute of frauds, Plaintiff argues that Defendants' argument fails pursuant to a Supreme Court of Idaho case that held that an oral agreement by two business co-owners to reimburse a third co-owner for attorney's fees does not fall within the statute of frauds. *See Beaupre v. Kingen*, 109 Idaho 610, 710 P.2d 520 (1985).

---

3. Defendant Garland's letter reads as follows: "Enclosed is my check as a *referral fee* in the Jacobson case. I appreciate your having given my name and referred the case to me; however, my client also was referred to me from at least two other sources. I do not intend to share any further fee in connection with this case, nor do I intend to provide you with a copy of the retainer agreement." (*See* Plaint. Opposition to MSJ at App. B, p. 4.)

4. The check at issue states that the $5,000 fee is for *"referral atty fees."* (*See* Plaint. Opposition to MSJ at App. B, p. 4.)

5. The retainer agreement between Defendants and their client, Mr. Jacobson, does not include, refer to, or intend to name Plaintiff within any of the provisions of the written contract. (*See* Defs' MSJ at Exhibit 2–A.)

6. Plaintiff failed to raise this argument in his Opposition to Defendants' Motion for Final Summary Judgment, but did raise it at Oral Argument. Therefore, the Court will consider it upon its ruling on the instant Motion.

## II. *STANDARD OF REVIEW*

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. *Id.* at 251, 106 S.Ct. 2505.

The moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993). If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Id.* To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston,* 9 F.3d at 919. A mere scintilla of evidence in support of the non-moving party's position is insufficient, however, to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *Id.* at 249–50, 106 S.Ct. 2505.

## III. *DISCUSSION*

A. *Oral Agreement to Share Attorneys Fees Without Client's Consent is Unenforceable*

■ The agreement at issue is governed by Rule 4–1.5(g)(2) of the Florida Rules of Professional Conduct. Rule 4–1.5(g) states the following:

A division of fee between lawyers who are not in the same firm may be made only if the total fee is reasonable, and:

(1) The division is in proportion to the services performed;[7] or

(2) By *written agreement with the client:*

(A) Each lawyer assumes joint legal responsibility for the representation and agrees to be available for consultation; and

(B) The *agreement fully discloses* that a division of fees will be made and the basis upon which the division of fees will be made.

■ Contracts that fail to adhere to the ethical rules that require written fee agreements are against public policy and are not enforceable. *Chandris, S.A. v. Yanakakis,* 668 So.2d 180, 186 (Fla.1996). An attorney's fees contract between two attorneys and their client, is *void ab initio* as an illegal contract if the contract is not reduced to writing. *E.G. State Contr. & Engg Corp. v. Condotte Am., Inc.,* 2004

---

7. It is undisputed that Plaintiff is not seeking fees for the services he performed, and is not asserting that he performed one-third (1/3) of the services performed for Mr. Jacobson's criminal case. (Plaint. Dep. at 142–44.) Therefore, Rule 4–1.5(g)(1) is inapplicable.

U.S. Dist. LEXIS 28600, *62, n. 15 (S.D.Fla. October 24, 2004) (citing *Vista Designs, Inc. v. Melvin K. Silverman, P.C.*, 774 So.2d 884, 886 (Fla. 4th DCA 2001). A referring attorney cannot enforce an oral agreement that does not comply with Rule 4–1.5(g)(2). *Noris v. Silver*, 701 So.2d 1238, 1241 (Fla. 3d DCA 1997).

After a careful review of the record, it is undisputed that Mr. Jacobson retained only Defendants [Edward Garland and his law firm] to represent him in his Middle District of Florida federal case. (*See* Plaint Dep. at 45–47; J. Jacobson Aff. at ¶¶ 7, 9, 11.) Plaintiff testified that he never spoke to, nor attempted to speak to Mr. Jacobson regarding Plaintiff's alleged role in representing him in his Middle District of Florida case. (*See* Plaint. Dep. at 24, 47, 124; J. Jacobson Aff. at ¶¶ 12–14.) It is undisputed that no written fee-sharing agreement exists between Plaintiff, Defendants, and Mr. Jacobson. (*See* Plaint. Dep. at 134; J. Jacobson Aff. at ¶ 14.)

Plaintiff's reliance upon an alleged oral agreement between himself and the Defendants wherein he was to receive one-third of (1/3) of the total attorney's fees paid by Mr. Jacobson for the handling of his criminal case by the Defendant law firm was never reduced to writing, discussed with the client (Jacobson) or the client's written consent to the secret agreement obtained.

To sustain his claim, Plaintiff urges the Court to enforce the oral agreement with Defendants since Edward Garland sent Plaintiff a $5,000 check which Defendant called a "referral fee." There is nothing in this record to indicate that this payment was anything more than a gift from Attorney Garland to Plaintiff and not an initial partial payment of a contract to participate on a one-third (1/3) share of the total attorney's fee.

■ The ethical nature of this referral fee is not before the Court at this time.

However, the Court does note [pursuant to the following case law and Rules of The Florida Bar] that payment based solely upon a referral of a potential case is strictly prohibited. *See The Florida Bar v. Carson*, 737 So.2d 1069 (Fla.1999) (An attorney, pursuant to an oral agreement with another attorney, improperly accepted a portion of the other attorney's contingent fee as a referral fee in connection with a case in which he referred.) *See also Rule 4–7.2(c)(9) of the Rules Regulating the Florida Bar—Payment for Recommendations:* A lawyer shall not give anything of value to a person for recommending that lawyer's services, except that a lawyer may pay the reasonable cost of advertising or written or recorded communication permitted by these rules, may pay the usual charges of a lawyer referral service or other legal service organization, and may purchase a law practice in accordance with rule 4–1.17.

■ Plaintiff's argument asserting entitlement to enforce an oral contract bottomed upon promissory estoppel is based upon an assertion that he (Marcus) relied upon the alleged oral agreement and that the Defendants (Garland) should have realized that Plaintiff was relying upon the oral contract, fails because neither Plaintiff nor Defendants ever disclosed the alleged private oral agreement with the client. It is undisputed that Mr. Jacobson was never informed of any such private agreement by either (or any) of the lawyers.

B. *An Oral Agreement Intended to Last for More than One Year is Unenforceable*

■ Under Florida law, "No action shall be brought ... whereby to charge the defendant ... upon any agreement that is not to be performed within the space of one year from the making thereof, ...

unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized." *See* Fla. Stat. § 725.01.

■ Florida statute 725.01 expressly requires that all actions to enforce agreements not to be performed within one year, be based on a written statement or memorandum, signed by the party to be charged. *Yates v. Ball,* 132 Fla. 132, 181 So. 341 (1937). *See also Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290 (11th Cir.1998). Under Florida law, the intent of the parties with regard to the time of performance is the key factor in determining whether an oral agreement is enforceable. *All Brand Importers, Inc. v. Tampa Crown Distrib.,* 864 F.2d 748, 750 (11th Cir.1989). *See also Dwight v. Tobin,* 947 F.2d 455 (11th Cir.1991).

After a careful review of the record, it is undisputed that all parties in the above-styled action understood that Mr. Jacobson's federal criminal case in the Middle District of Florida was a substantial and complex multi-defendant case that was expected to last for more than one year and could take several years for the trial and appellate process to be resolved. (*See* Plaint. Dep. at 64, 91–92; Garland Aff. at ¶ 4; J. Jacobson Aff. at ¶ 7.) Fully understanding that the legal representation of Mr. Jacobson could have potentially lasted several years to resolve, Plaintiff testified that he intended to participate throughout Mr. Jacobson's criminal case, including the trial and any potential appeals. (Plaint. Dep. at 64, 91–92.)

Based upon the undisputed facts above, Plaintiff seeks to enforce an oral agreement to participate [for more than one year] in the legal representation of Mr. Jacobson's case in the Middle District of Florida.[8] Therefore, because the alleged oral agreement was intended to last for more than one year, the Court finds that the agreement at issue is barred by Florida Statute Section 725.01 [the statute of frauds].

## IV. CONCLUSION

The alleged fee-sharing agreement between Plaintiff and Defendants is unenforceable due to the undisputed fact that the agreement was not reduced to writing. In addition, the alleged fee-sharing agreement between Plaintiff and Defendants is unenforceable due to the undisputed fact that the agreement was never communicated or disclosed to the client, Mr. Jacobson. Furthermore, due to the undisputed fact that the agreement was intended to last for more than one year, the alleged fee-sharing agreement relating to Plaintiff's participation in the legal representation of Mr. Jacobson's case, is barred by Florida Statute Section 725.01 [statute of frauds]. Therefore, because there are no genuine disputes as to any material facts in this case, the Court finds that Defendants are entitled to judgment as a matter of law. *See* Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is ORDERED and AD-

---

**8.** Plaintiff's argument that the alleged agreement at issue can be enforced pursuant to the Supreme Court of Idaho case of *Beaupre v. Kingen,* fails due to the fact that the Court in *Beaupre v. Kingen* did not apply Florida law.

Therefore, because this Court must apply Florida law when determining the enforceability of the contract at issue, the alleged agreement at issue [pursuant to Florida law] is unenforceable.

JUDGED that Defendant's Motion for Final Summary Judgment (**DE # 24**) be, and the same is hereby, **GRANTED**. Final Judgment shall be entered by separate Order of the Court.