COPE, C.J.
Victor Labruzzo (“Labruzzo”) appeals from a final judgment in favor of The Lofts at South Beach, Inc. (“The Lofts”). We reverse.
Although there is a long and complicated history of varying relationships between the parties to this action, it is unnecessary *1125 to restate the entire history. For our purposes it is sufficient to state that The Lofts is a corporation which is the owner and developer of a condominium project and that at the times relevant to this proceeding Labruzzo was managing agent of and a former shareholder in The Lofts. Labruzzo’s shares had been transferred to South Beach International Investments, Inc. (“SBI”) which had assumed the role of managing shareholder of The Lofts while Labruzzo acted as managing agent. The other shareholder in The Lofts was Bart Seidler as trustee for the Bart Seidler Revocable Trust (“Seidler”).
At issue here are three different actions taken by Labruzzo: 1) the deposit of a check from a potential purchaser of a condominium at The Lofts into SBI’s account rather than The Lofts’ escrow account; 2) the amendment of several agreements to purchase units at The Lofts to make the agreements assignable; and 3) receipt of fees for locating assignees for the amended agreements after his position at The Lofts had been terminated.
As to the deposit of the check into SBI’s account, the record shows that although the potential purchaser was refunded his money by Seidler on behalf of The Lofts, SBI continues to hold the proceeds of the check. While we recognize that the trial court was correct in its determination that the monies should have been deposited into The Lofts escrow account, The Lofts can be made whole by the transfer of the money from SBI to The Lofts. As the money is available to repay The Lofts, we do not think that The Lofts suffered any injury for which it must be compensated by Labruzzo. That being so, judgment should not have been entered against him on this issue.
On the issue of amendment of several of the purchase agreements, the testimony showed that SBI as managing shareholder would allow the agreements to be amended to waive the non-assignability clause where such a waiver was necessary in order to make a sale. That being so, there was no breach of duty by Labruzzo.
Since there was no breach of duty in the amendment of the agreements, there is no liability to The Lofts for Labruzzo’s subsequent receipt of real estate commissions (after he ceased working for The Lofts) for locating buyers to take over as assignees for the original purchasers. Further, as amendment of the contracts did not amount to a breach of fiduciary duty, the cases dealing with recovery of a secret profit by an agent are inapplicable.
While it appears that Labruzzo received real estate commissions while he was not licensed, see § 475.42, Fla. Stat. (2002), the remedy is to refer the matter to the Division of Real Estate of the Florida Department of Business and Professional Regulation, which The Lofts already did. The trial court allowed The Lofts to recover the real estate commissions under Vista Designs, Inc. v. Silverman, 774 So.2d 884, 886 (Fla. 4th DCA 2001). That case is inapplicable because the party suing for return of the commission in that case was the party which had paid it. In the present case, The Lofts did not pay the commissions and is not entitled to recover them.
For the stated reasons, we reverse the judgment and remand for entry of judgment in favor of Labruzzo. In light of the foregoing, we do not need to reach the issue of disclosure of the settlement agreement.
Reversed and remanded for further proceedings consistent herewith.