**EASTERN AIR LINES, INC.,**
Plaintiff,

v.

**MOBIL OIL CORPORATION,**
Defendant.

**EASTERN AIRLINES, INC.,**
Plaintiff,

v.

**ATLANTIC RICHFIELD COM-PANY, Defendant.**

Nos. 74–765–Civ–JLK, 74–1207–Civ–JLK.

United States District Court,
S. D. Florida,
Judge King Division.

Nov. 20, 1975.

Walton, Lantaff, Schroeder, Carson & Wahl, James Knight, Miami, Fla., Gambrell, Russell, Killorin & Forbes, Atlanta, Ga., William G. Bell, Jr., Miami, Fla., for plaintiff.

David S. Batcheller, Miami, Fla., Charles F. Rice, New York City, for defendants.

## ORDER

JAMES LAWRENCE KING, District Judge.

This cause came on for hearing upon the motion of the Defendant, MOBIL OIL CORPORATION for stay of proceedings in action No. 74–765, and upon the motion of Defendant ATLANTIC RICHFIELD COMPANY for stay of proceedings in action No. 74–1207. The Motions for Stay filed by the Defendants, Mobil Oil Corporation and Atlantic Richfield Company raise similar legal issues in separate actions in which EASTERN AIR LINES, INC. is the Plaintiff in each action and therefore, the Motions for Stay will be treated jointly in this Order. The Court has considered the argument of counsel, the legal memoranda filed by the parties herein, the record of the proceedings and has been otherwise fully informed in the premises.

The Plaintiff, Eastern Air Lines, Inc. proceeds in action No. 74–765 against Mobil Oil Corporation and in action No. 74–1207 against the Defendant, Atlantic Richfield Company, alleging in both actions that the Defendants are integrated oil companies and that under the terms of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751 (P.L. 93–159, 87 Stat. 627), and the Regulations adopted thereunder, that the Plaintiff, Eastern Air Lines, Inc. purchased certain jet fuel from the Defendants and the Defendants were obligated to sell to the Plaintiff jet fuel at certain locations. Eastern Air Lines, Inc. claims damages based upon the alleged pricing by the Defendants of jet fuel in purported violation of the Emergency Petroleum Allocation Act of 1973, *supra*, and Regulations adopted thereunder. Eastern Air Lines, Inc. alleges that under that Act, and under the complex regulations adopted under the authority of the Act by the Federal Energy Office and subsequently the Federal Energy Administration, that the price of jet fuel was regulated under extremely complicated and involved formulae provided by the Regulations to comply with the requirements of the Emergency Petroleum Allocation Act of 1973.

In this litigation there are issues which the Court thinks ought to be resolved at the outset by the administrative agency which has the expertise in this area. These questions involve the interpretation of regulations adopted by the Federal Energy Office and subse-

quently the Federal Energy Administration which include by reference certain regulations adopted by the Cost of Living Council under the terms of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904. Plaintiff Eastern Air Lines, Inc. contests the interpretation the Defendants have given to certain portions of such regulations as pertains to the inclusion of crude acquisitions for purposes of determining the allowable cost pass through provided under extremely involved and complex formulae which, of necessity, employ language peculiar to the regulated oil industry.

The Court has determined that questions concerning the pricing of crude oil acquisitions by the Defendants arises from the administrative regulations which are administered by the Federal Energy Administration and involve highly complex and technical determinations which are within the unique expertise of the regulatory agency and that it would represent a great saving of judicial time and facilities to receive administrative guidance as to the technical or policy ramifications implicit in these threshold questions. In view of the magnitude of the actions and the pretrial discovery and preparation which could reasonably extend over a significant period of time, and the undue burden and imposition upon the Court's time, the Court finds it would be unwise to proceed in this litigation with these very serious questions of interpretation unresolved.

The trial courts have been encouraged to submit to regulatory agencies, legal questions requiring the special competency of the agency created by Congress for such purposes as is noted in the decision of the United States Court of Appeals for the Fifth Circuit, *Southwestern Sugar and Molasses Co., Inc. v. River Terminals Corporation*, 253 F.2d 922, aff'd., 360 U.S. 411, 79 S.Ct. 1210, 3 L.Ed.2d 1334.

It is thereupon,

Considered, ordered and adjudged, that these actions and all proceedings herein be and the same are hereby stayed pending the final determination of such questions by the Federal Energy Administration and particularly the Requests for Interpretation which have been filed by the Defendants, Mobil Oil Corporation and Atlantic Richfield Company, which said Requests for Interpretation are attached to the respective Motions for Stay of Proceedings of the Defendants herein; that the status of the Requests for Interpretation by the Defendants herein before the Federal Energy Administration will be subject to the periodic review by the Court and that this action and all proceedings herein be stayed pending further order of this Court.