981 So.2d 550 (2008)
Harold GOLDBERG, Arlene Goldberg, Appellants,
v.
MERRILL LYNCH CREDIT CORPORATION, Appellee.
Amy Sue Forman, Appellant,
v.
World Savings Bank, FSB, Appellee.
Nos. 4D07-1490, 4D07-2436.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
Rehearing Denied June 13, 2008.
Keith A. Goldbaum of Friedman, Rosenwasser & Goldbaum, P.A., Boca Raton and Richard E. Shevitz and Vess A. Miller of Cohen & Malad, LLP, Indianapolis, for appellants.
Mark A. Brown of Carlton Fields, P.A., Tampa and Michael K. Winston and Dean A. Morande of Carlton Fields, P.A., West Palm Beach, for appellee.
*551 MAY, J.

When may a party file suit to recover fees paid for the alleged unauthorized practice of law  that is the question.
Our answer: Only after the Supreme Court of Florida decides the conduct constitutes the unauthorized practice of law.

In a consolidated appeal, the Goldbergs and Amy Sue Forman [plaintiffs] appeal two trial court orders dismissing class-actions against Merrill Lynch Credit Corporation and World Savings Bank, FSB, [defendants], respectively. The class actions sought to recoup fees paid for document preparation by non-lawyers. The plaintiffs argue the trial courts erred in dismissing their complaints because Rule 10-7.1 of the Rules Regulating the Florida Bar specifically provides for such claims. While we agree that the Rule provides for such claims, we hold that the claims must await a decision by the Supreme Court of Florida as to whether the conduct constitutes the unauthorized practice of law. We therefore affirm.
The plaintiffs filed class actions seeking to recover document preparation fees charged for services performed by clerical personnel in the processing of mortgage loans. The document preparation fees consisted of $50 charged by World Savings Bank and $150 charged by Merrill Lynch for preparation of promissory notes, mortgages, deeds, and other documents. The plaintiffs alleged that the defendants were prohibited from charging those fees for services performed by non-lawyers.
The defendants moved to dismiss the complaints. They argued that the trial court lacked jurisdiction over the claims because the Supreme Court of Florida possesses exclusive jurisdiction to determine what constitutes the unauthorized practice of law. Alternatively, the defendants argued that the complaint failed to state a cause of action because parties to a transaction are permitted to prepare their own documents without engaging in the unauthorized practice of law.
The trial court granted the motions to dismiss. It found that the supreme court's "authority to regulate the practice of law also encompasses the determination of what is or is not the practice of law." The trial court relied on Dade-Commonwealth Title Insurance Co. v. North Dade Bar Ass'n, 152 So.2d 723 (Fla.1963).
We review dismissal orders raising legal issues such as the one before us de novo. Sanchez v. Fernandez, 915 So.2d 192 (Fla. 4th DCA 2005).
Two provisions of Rule 10-7.1 of the Rules Regulating the Florida Bar provide the basis for the debate. Chapter 10 governs the investigation and prosecution of the unlicensed practice of law. Rule 10-7.1 sets out the procedure to be followed to obtain civil injunctive relief. Pursuant to subsection (a), those proceedings begin with the Florida Bar filing a petition in the Supreme Court of Florida. R. Regulating Fla. Bar 10-7.1(a).
Subsection (d)(3), entitled "Restitution" provides: "Nothing in this section shall preclude an individual from seeking redress through civil proceedings to recover fees or other damages." R. Regulating Fla. Bar 10-7.1(d)(3). The Rule is silent, however, as to when such a claim for fees or other damages can be pursued.
The plaintiffs primarily rely on two cases to support their position that a supreme court determination on the unauthorized practice of law is not a prerequisite to filing suit: Vista Designs, Inc. v. Melvin K. Silverman, P.C., 774 So.2d 884 (Fla. 4th DCA 2001), and Preferred Title Services, Inc. v. Seven Seas Resort Condominium, Inc., 458 So.2d 884 (Fla. 5th DCA *552 1984). We find those cases distinguishable.
In Vista Designs, a registered patent attorney, and member of the New Jersey Bar, sued to collect unpaid invoices for consulting services performed in patent and trademark infringement litigation in Florida. 774 So.2d at 885. Vista Designs counterclaimed for disgorgement of fees paid, alleging that its verbal agreement with the attorney was void because he lacked a valid license to practice law in Florida. Id.
The trial court found the contract void because the attorney was not licensed to practice law in Florida and awarded him nothing on his claim. The trial court also ruled against Vista Designs on its counterclaim, concluding that it could not order the "disgorgement of money paid under a void contract." Id. at 886.
This court affirmed the denial of fees to the attorney, but reversed the dismissal of Vista Design's counterclaim and remanded the case for a determination of fees to be repaid. In doing so, we stated "the trial court correctly determined that Silverman's actions constituted the unauthorized practice of law." Id. at 887-88.
The claim for attorney's fees in Vista Designs was not based on the unauthorized practice of law, but rather the actual practice of law by a New Jersey Lawyer, who did not possess a license to practice law in Florida. The defendants relied on the unauthorized practice of law to defend against the claim. Thus, the issue was used as a shield and not as a sword as has been attempted in this case. And, because this court was not directly asked to decide when an affirmative claim based on the unauthorized practice of law may be filed, or whether a supreme court determination on the issue is a prerequisite, our statement in Vista Designs is not the equivalent of a holding on the issue.
In Preferred Title Services, the Fifth District affirmed the dismissal of a title insurer's complaint seeking fees for document preparation. 458 So.2d at 887. The Fifth District found the title insurer was not entitled to fees for its unauthorized practice of law. Id. at 886-87. Once again, the case did not involve an affirmative claim for fees as a result of the unauthorized practice of law. The allegation of the unauthorized practice of law was used as a defense to a claim by the title insurer to obtain fees for document preparation.
Here, however, the plaintiffs are pursuing an affirmative claim using the defendants' alleged unauthorized practice of law in preparing documents as the basis. No case has approved of using the alleged unauthorized practice of law as a sword prior to a determination by the Supreme Court of Florida that the services actually constitute the unauthorized practice of law. We are not compelled to be the first.
Requiring a supreme court determination on the unauthorized practice of law as a prerequisite for a suit to recover fees and costs makes sense, practically and technically. Practically, it insures consistency in what conduct constitutes the unauthorized practice of law. To allow other courts or juries to randomly make the decision would lead to inconsistent results on the same set of facts.
Technically, it reinforces the exclusive jurisdiction of the supreme court over the unauthorized practice of law. Since the integration of the bar, The Florida Bar has been tasked with the "maintenance of the highest standards and obligations of the profession of law." Dade-Commonwealth, 152 So.2d at 726. This includes filing a petition in the supreme court for injunctive relief against those who perform services that constitute the unauthorized practice of law. Section 15, Article V of Florida's *553 Constitution bestows "exclusive jurisdiction" on the supreme court "to punish for contempt anyone indulging in the unauthorized practice of law." Id. at 724 (referring to then section 23 of Article V and citing State ex rel. The Florida Bar v. Sperry, 140 So.2d 587 (Fla.1962)).
And, when asked to address an issue similar to the one in this case, the supreme court affirmed the dismissal of a complaint and expressly guarded its exclusive jurisdiction. Dade-Commonwealth, 152 So.2d at 724 (quoting Art. V, § 15, Fla. Const.). In that case, the North Dade Bar Association sued title companies, alleging that they were preparing legal documents. The bar association sought a declaration from the trial court that the defendants were involved in the unauthorized practice of law.
The chancellor held that neither the bar association nor an individual had standing to bring such a suit because the supreme court had exclusive jurisdiction of the issue. The Third District reversed, holding that the supreme court's exclusive jurisdiction to punish for the unauthorized practice of law did not preclude other courts from ruling on this issue. Our supreme court then reversed and held that the bar association could not bring the suit. To hold otherwise would require the court to "ignore the word `exclusive' in the relevant Constitutional provision." Id. at 725. This it refused to do, and so do we.
For these reasons, the orders of dismissal are affirmed.
Affirmed.
SHAHOOD, C.J., and POLEN, J., concur.