POLSTON, J.
Petitioners argue that the Fourth District Court of Appeal in Goldberg v. Merrill Lynch Credit Corp., 981 So.2d 550 (Fla. 4th DCA 2008), erred by affirming the dismissal of two separate class action suits on the basis that the Florida Supreme Court has exclusive jurisdiction to determine whether respondents’ actions constitute the unauthorized practice of law.[1] Although we use different reasoning, we agree with the Fourth District that the Florida Constitution requires this Court exclusively to make that determination; therefore, the cases should be dismissed. See art. V, § 15, Fla. Const. (“The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.”); Dade-Commonwealth Title Ins. Co. v. N. Dade Bar Ass’n, 152 So.2d 723 (Fla.1963) (quashing a district court of appeal decision that permitted a bar association to seek an action against title companies declaring that they were engaging in the unauthorized practice of law and for in-junctive relief).
Petitioners’ class actions seek “to recover document preparation fees charged [by respondents] for services performed by clerical personnel in the processing of mortgage loans.” Goldberg, 981 So.2d at 551. The petitioners brought actions in the circuit courts for unjust enrichment and for money had and received. The respondents moved to dismiss the complaints for lack of subject matter jurisdiction or standing and for failure to state a cause of action. Among other things, the respondents argued that the circuit courts lacked jurisdiction to hear any claims relating to the unlicensed practice of law and that only The Florida Bar could prosecute such claims.
The circuit courts granted the motions to dismiss, ruling that only this Court has jurisdiction to hear any claim based on the unlicensed practice of law and that Florida does not recognize a private cause of ac *907 tion to recover fees based upon the unlicensed practice of law. The petitioners appealed to the Fourth District, where the appeals were consolidated.
On appeal, the Fourth District recognized that rule 10-7.1 of the Rules Regulating the Florida Bar, established by this Court, specifically provides that victims may bring private actions to recover fees and damages based on unlicensed practice. Id. The Fourth District, however, concluded that the rule was silent as to when such a suit may be brought and held that “a supreme court determination on the unauthorized practice of law [is] a prerequisite” to such suits. Id. at 552. The Fourth District affirmed the dismissals because the respondents had not previously been prosecuted for their conduct by The Florida Bar or disciplined by this Court. See id. at 551.
We do not address the merits of whether respondents’ actions constitute the unauthorized practice of law because it was not addressed in the district court opinion. We only address whether the class actions should go forward prior to a determination of the unauthorized practice of law being made by this Court.
Petitioners argue that this Court’s rules expressly provide that while a complaint for injunctive relief must be filed by The Florida Bar in this Court, nothing precludes a victim from bringing a private civil action against an unlicensed practitioner to recover fees and damages. We agree. Rule 10-7.1(d)(3) of the Rules Regulating the Florida Bar specifically states that “[njothing in this section shall preclude an individual from seeking redress through civil proceedings to recover fees or other damages.” Therefore, the petitioners have standing to seek restitution of any claimed damages and are not jurisdic-tionally barred from initiating a civil action for recovery of any damages caused by the unlicensed practice of law.
However, we agree with the Fourth District that the complaints should be dismissed for failure to state a cause of action. To state a cause of action for damages under any legal theory that arises from the unauthorized practice of law, we hold that the pleading must state that this Court has ruled that the specified conduct at issue constitutes the unauthorized practice of law. See generally Fla. R. Civ. P. 1.110(b) (“A pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader, is entitled to relief. ... ”). Stated another way, a claimant must allege as an essential element of any cause of action premised on the unauthorized practice of law that this Court has ruled the activities are the unauthorized practice of law. See generally Fla. R. Civ. P. 1.110, comment (1967) (“The complaint must show a legal liability by stating the elements of a cause of action....”); Clark v. Boeing Co., 395 So.2d 1226, 1229 (Fla. 3d DCA 1981) (“Pleadings must contain ultimate facts supporting each element of the cause of action.”).
The rulings of this Court may have been by review, pursuant to rule 10-9.1(g) of the Rules Regulating the Florida Bar, of proposed advisory opinions from the Florida Bar Standing Committee on the Unlicensed Practice of Law. See, e.g., Fla. Bar re Advisory Opinion on Nonlawyer Representation in Sec. Arbitration, 696 So.2d 1178 (Fla.1997); Fla. Bar re Advisory Opinion—Activities of Comty. Ass’n Managers, 681 So.2d 1119 (Fla.1996); Fla. Bar re Advisory Opinion—Nonlawyer Preparation of Residential Leases Up to One Year in Duration, 602 So.2d 914 (Fla.1992). Or the Court may have determined that certain practices constitute the unli *908 censed practice of law through other actions filed by The Florida Bar. See, e.g., Fla. Bar v. Rapoport, 845 So.2d 874 (Fla.2003); Fla. Bar v. Catarcio, 709 So.2d 96 (Fla.1998).
For example, if the actions complained of have been ruled on by this Court, then a plaintiff may be able to state a cause of action with proper pleading, even though the defendant accused of the unauthorized practice of law has not been subject to a Florida Bar proceeding. However, a plaintiff will not be able to state a cause of action premised on the unauthorized practice of law on a case of first impression (where this Court has not ruled on the actions at issue). In those cases, the pleading may be dismissed without prejudice or the action may be stayed until a determination from this Court pursuant to the advisory opinion procedures of rule 10-9.1 or the complaint and injunctive relief procedures of rules 10-5, 10-6, and 10-7 of the Rules Regulating the Florida Bar. See generally E. Air Lines, Inc. v. Mobile Oil Corp., 403 F.Supp. 757 (S.D.Fla.1975) (granting a stay to permit regulatory agency to make a final determination of threshold questions arising under agency’s regulations and expertise); see also Fla. R. Civ. P. 1.140, comment (1967) (“In the event a motion to dismiss is granted, the unsuccessful party may seek leave of the court to file an amended pleading in which the defects of the dismissed pleading may be supplied by additional allegations.”).
Additionally, there may be cases in which this Court has previously determined that the conduct at issue is the practice of law, but the defendant believes its identity is relevant to the determination of whether the conduct is actually the unauthorized practice of law. See Fla. Bar re Advisory Opinion — Nonlawyer Preparation of & Representation of Landlord in Uncontested Residential Evictions, 627 So.2d 485 (Fla.1993) (stating that it was the unlicensed practice of law for a non-lawyer to draft and file the complaint and motion and obtain the final judgment and writ of possession but authorizing property managers to conduct these activities); Fla. Bar re Advisory Opinion HRS Nonlawyer Counselor, 518 So.2d 1270 (Fla.1988) (temporarily authorizing lay counselors from the Department of Health and Rehabilitative Services to engage in conduct that this Court had previously recognized as the practice of law). In such cases, the defendant is also free to seek a stay of the action in the circuit court while obtaining an advisory opinion from The Florida Bar [2] or to seek a dismissal without prejudice.
We recognize that rule 10-9.1(c) of the Rules Regulating the Florida Bar currently states that “[n]o opinion shall be rendered with respect to any case or controversy pending in any court or tribunal in this jurisdiction,” which prohibits The Florida Bar Standing Committee on the Unlicensed Practice of Law from proceeding in the event the action is stayed pending a determination by this Court. We hereby suspend the rule in the circumstances described herein and direct The Florida Bar to propose rule changes according to this opinion.[3]
Therefore, because petitioners failed to state causes of action as required herein, we approve the Fourth District’s decision to affirm the dismissals, without prejudice, and remand for proceedings consistent with this opinion.
It is so ordered.
*909 QUINCE, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion.

. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.

. Of course, plaintiffs may obtain advisory opinions regarding identity issues as well.

. To be clear, the Florida Bar shall issue a formal advisory opinion upon request of a party in the circumstances described herein.