PER CURIAM.
 

 This matter is before the Court on the petition of The Florida Bar proposing amendments to the Rules Regulating the Florida Bar.
 
 See
 
 R. Regulating Fla. Bar 1-12.1. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.
 

 The petition proposes amendments to existing Rule Regulating the Florida Bar 10-9.1, “Procedures for Issuance of Advisory Opinions on the Unlicensed Practice of Law.” The Board of Governors approved the petition. Formal notice of the proposed amendments was published in the January 1, 2011, issue of
 
 The Florida Bar News.
 
 On April 1, 2011, the Bar filed the proposed amendments with the Court. One comment was filed with the Court.
 

 Rule 10-9.1 currently prohibits the Standing Committee on Unlicensed Practice of Law (Committee) from issuing an advisory opinion with respect to any case or controversy pending in a Florida court or tribunal. The Court recently noted that limitation in
 
 Goldberg v. Merrill Lynch Credit Corp.,
 
 35 So.3d 905, 908 (Fla.2010).
 

 In
 
 Merrill Lynch,
 
 the petitioners brought a class action suit to recover document preparation fees charged by Merrill Lynch for services performed by clerical personnel in the processing of mortgage loans. The petitioners sought to recover the fees, claiming that the respondent had engaged in the unlicensed practice of law. However, as this Court has exclusive jurisdiction to determine whether an act constitutes the unlicensed practice of law and the conduct in question had not been previously found to constitute the unlicensed practice of law, the Court affirmed the district court’s decision to dismiss the complaints for failure to state a cause of action. A claimant “must allege as an essential element of any cause of action premised on the unauthorized practice of law that this Court has ruled the activities are the unauthorized practice of law.”
 
 Id.
 
 at 907.
 

 For example, if the actions complained of have been ruled on by this Court, then a plaintiff may be able to state a cause of action with proper pleading, even though the defendant accused of the unauthorized practice of law has not been subject to a Florida Bar proceeding. However, a plaintiff will not be able to state a cause of action premised on the unauthorized practice of law on a case of first impression (where this Court has not ruled on the actions at issue). In those cases, the pleading may be dismissed without prejudice or the action may be stayed until a determination from this Court pursuant to the advisory opinion procedures of rule 10-9.1 or the complaint and injunctive relief procedures of rules 10-5, 10-6, and 10-7 of the Rules Regulating the Florida Bar.
 
 *67
 

 See generally E. Air Lines, Inc. v. Mobile Oil Corp.,
 
 403 F.Supp. 757 (S.D.Fla.1975) (granting a stay to permit regulatory agency to make a final determination of threshold questions arising under agency’s regulations and expertise);
 
 see also
 
 Fla. R. Civ. P. 1.140, comment. (1967) (“In the event a motion to dismiss is granted, the unsuccessful party may seek leave of the court to file an amended pleading in which the defects of the dismissed pleading may be supplied by additional allegations.”).
 

 Additionally, there may be cases in which this Court has previously determined that the conduct at issue is the practice of law, but the defendant believes its identity is relevant to the determination of whether the conduct is actually the unauthorized practice of law.
 
 See Fla. Bar re Advisory Opinion
 
 -Nonlawyer
 
 Preparation of & Representation of Landlord in Uncontested Residential Evictions,
 
 627 So.2d 485 (Fla.1993) (stating that it was the unlicensed practice of law for a nonlawyer to draft and file the complaint and motion and obtain the final judgment and writ of possession but authorizing property managers to conduct these activities);
 
 Fla. Bar re Advisory Opinion HRS Nonlawyer Counselor,
 
 518 So.2d 1270 (Fla.1988) (temporarily authorizing lay counselors from the Department of Health and Rehabilitative Services to engage in conduct that this Court had previously recognized as the practice of law). In such cases, the defendant is also free to seek a stay of the action in the circuit court while obtaining an advisory opinion from The Florida Bar or to seek a dismissal without prejudice.
 

 Id.
 
 at 908. Because current rule 10-9.1 prohibits the Committee from issuing an advisory opinion in a pending case or controversy, the Court directed The Florida Bar to propose a rule change “according to this opinion” that would allow the Committee to render a formal advisory opinion for a pending case or controversy when the Court has not previously determined whether the activity is the unlicensed practice of law.
 
 Id.
 

 In response to the Court’s direction, the Bar submitted this petition to amend the procedures provided in rule 10-9.1 regarding the issuance of advisory opinions in unlicensed practice of law cases. The Bar’s proposals would require the Committee to issue a formal advisory opinion, despite a pending case or controversy, under the circumstances described by the Court in
 
 Merrill Lynch.
 

 Florida Bar member Timothy P. Chinar-is filed comments opposing the Bar’s proposal to amend rule 10-9.1(c). He asserts that the Bar’s proposed language does not fully comply with the Court’s directive in
 
 Merrill Lynch
 
 because it would only authorize the Committee to issue advisory opinions to plaintiffs. We agree. In
 
 Merrill Lynch,
 
 we expressly recognized that either a plaintiff or a defendant in a civil action for damages allegedly caused by the unlicensed practice of law should be able to obtain an advisory opinion from the Committee under appropriate circumstances. We stated that “there may be cases in which this Court has previously determined that the conduct at issue is the practice of law, but the
 
 defendant
 
 believes its identity is relevant to the determination of whether the conduct is actually the unauthorized practice of law.”
 
 Id.
 
 at 908 (emphasis added). In such situations, “the
 
 defendant
 
 is also free to seek ... an advisory opinion from The Florida Bar.”
 
 Id.
 
 (emphasis added). Thus, Mr. Chinaris has suggested revisions to the Bar’s proposal for subdivision (c) of the rule, which would include both plaintiffs and defendants. In response, the Bar states that it supports these suggested revisions.
 

 
 *68
 
 After considering the petition and the comment, the Court adopts the amendments to rule 10-9.1 with Mr. Chinaris’s proposed modifications. The resulting amendments would provide parties in certain situations, who have brought a civil suit alleging the unlicensed practice of law, with a mechanism to request an advisory opinion.
 

 Accordingly, the Court adopts the amendments to Rule Regulating the Florida Bar 10-9.1 as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective on April 1, 2012, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULES REGULATING THE FLORIDA BAR
 

 CHAPTER 10. RULES GOVERNING THE INVESTIGATION AND PROSECUTION OF THE UNLICENSED PRACTICE OF LAW
 

 RULE 10-9.1 PROCEDURES FOR ISSUANCE OF ADVISORY OPINIONS ON THE UNLICENSED PRACTICE OF LAW
 

 (a) — (b) [No change]
 

 (c) Limitations on Opinions. No opinion shall be rendered with respect to any case or controversy pending in any court or tribunal in this jurisdiction and no informal opinion shall be issued except as provided in rule 10-9.1(g)(l). However, the committee shall issue a formal advisory opinion under circumstances described by the court in Harold Goldberg v. Merrill Lynch Credit Corporation, 35 So.3d 905 (Fla.2010), when the petitioner is a party to a lawsuit and that suit has been stayed or voluntarily dismissed without prejudice.
 

 (d) — (e) [No change]
 

 (f) Notice, Appearance, and Service.
 

 (1) At least 30 days in advance of the committee meeting at which a hearing is to be held with respect to a potential advisory opinion, the committee shall give public notice of the date, time, and place of the hearing, stateprovide a general description of the subject matter of the request and the bar website and address where a full copy of the question presented can be obtained, and invite written comments on the question. On the announced date the committee shall hold a public hearing at which any person affected shall be entitled to present oral testimony and be represented by counsel. Oral testimony by other persons may be allowed by the committee at its discretion. At the time of or prior to the hearing any other person shall be entitled to file written testimony on the issue before the committee. Additional procedures not inconsistent with this rule may be adopted by the committee.
 

 (2) — (3) [No change]
 

 (g) [No change]