# Supreme Court of Florida

_____

No. SC14-1730
_____

**THE FLORIDA BAR RE: ADVISORY OPINION — SCHARRER v. FUNDAMENTAL ADMINISTRATIVE SERVICES.**

[October 15, 2015]

PER CURIAM.

Pursuant to rule 10-9.1 of the Rules Regulating the Florida Bar (Bar Rules), and this Court's decision in Goldberg v. Merrill Lynch Credit Corp., 35 So. 3d 905 (Fla. 2010), Petitioners Beth Ann Scharrer, as the Trustee for the Bankruptcy Estate of Fundamental Long Term Care, Inc., and Trans Health Management, Inc. (THMI) (Petitioners), petitioned The Florida Bar Standing Committee on the Unlicensed Practice of Law (Standing Committee) for an advisory opinion as to whether certain activities by Fundamental Administrative Services (FAS) and its in-house counsel, who is not admitted to practice law in the State of Florida, would constitute the unlicensed practice of law in this state. As required by Bar Rule 10-9.1(f), the Standing Committee provided notice and held a public hearing to address the petition, where it considered both live and written testimony. After

considering the issues, the Standing Committee filed its proposed advisory opinion in this Court. The Court has jurisdiction to review the opinion pursuant to article V, section 15 of the Florida Constitution, and Bar Rule 10-9.1(g).

After the proposed advisory opinion was filed, the Court issued an order inviting Petitioners and any interested parties to file briefs in response to the opinion; briefs were filed by several individuals and organizations. Counsel for the Standing Committee filed a brief in response to these comments. We have fully considered both the proposed advisory opinion and the briefs filed with the Court. As discussed here, because we conclude that the advisory opinion does not address the "specified conduct" at issue, as contemplated by the Goldberg decision, we disapprove the advisory opinion without prejudice to Petitioners submitting a revised petition for an advisory opinion, and to the Standing Committee conducting further proceedings consistent with our opinion in this case.

### The Proposed Advisory Opinion

Petitioners Scharrer and THMI, and FAS and its in-house counsel, Christine Zack (an attorney not licensed to practice law in Florida), have been, and continue to be, involved in lawsuits in several jurisdictions, with potentially significant sums of money at issue. As is relevant here, Petitioners brought a suit against FAS and Ms. Zack in the United States District Court for the Middle District of Florida. The suit alleged that FAS and Zack provided administrative support services to

FAS's client, THMI, and served as a "litigation liaison" between THMI and the Florida lawyers hired to represent THMI in several wrongful death cases brought against the company in Florida. Petitioners further alleged that FAS's and Zack's substantial involvement in the wrongful death cases constituted the tort of the unlicensed practice of law. In July 2013, the federal court dismissed the case without prejudice, citing Goldberg, 35 So. 3d at 907, in which this Court held that a civil complaint alleging a cause of action for damages based on the unlicensed practice of law must allege that this Court has ruled that the specified conduct at issue is the unlicensed or unauthorized practice of law. The federal court determined that Petitioners had not cited in their complaint any case where this Court had determined that the specific conduct that FAS and Zack are alleged to have engaged in was unlicensed practice. However, consistent with Goldberg, the federal court invited Petitioners to seek an advisory opinion on the issue. Petitioners' subsequent petition for an advisory opinion is the first such request submitted to the Standing Committee pursuant to Goldberg.

In their petition to the Standing Committee, Petitioners presented six questions:

> 1. Whether [FAS] engaged in the unlicensed practice of law in Florida by employing an attorney not licensed in Florida to provide legal advice, strategy and services to third parties in litigation pending in Florida in which FAS was not a party.

2.     Whether FAS engaged in the unlicensed practice of law in Florida by employing in-house counsel, who is not licensed in Florida, to hire, direct, manage, control, and supervise Florida lawyers defending FAS's third-party customer(s) in Florida litigation when FAS was not a party to the litigation.

3.     Whether FAS engaged in the unlicensed practice of law in Florida when, as part of the services it provided to its third-party customers, FAS's employees provided legal advice and services in Florida litigation, to which FAS was not a party, under the supervision of FAS's nonlawyer principals or unlicensed lawyer principals.

4.     Whether FAS engaged in the unlicensed practice of law in Florida when its in-house counsel, who is not licensed in Florida, controlled, directed, and managed Florida litigation on behalf of FAS's third-party customers, including:

     a.     preparing pleadings, discovery responses, and/or other legal documents;

     b.     making strategic decisions regarding defense strategy for the third-party, and

     c.     construing and interpreting the legal effect of Florida law on behalf of the third party.

5.     Whether Ms. Zack engaged in the unauthorized practice of law in Florida when, without a Florida license, she directed, managed, controlled, and supervised Florida lawyers' defense of FAS's third party customer(s) in Florida litigation when her employer, FAS, was not a party to the litigation.

6.     Whether Ms. Zack engaged in the unauthorized practice of law in Florida when, without a Florida license, she controlled, directed, and managed Florida litigation, in which FAS was not a party, on behalf of her employer's third-party customers, including:

     a.     preparing pleadings, discovery responses, and/or other legal documents;

     b.     making strategic decisions regarding defense strategy for her employers' customers; and

     c.     construed and interpreted the legal effect of Florida law on behalf of her employers' customers.

The Standing Committee consolidated these questions into a single issue:

> Whether a nonlawyer company engages in the unlicensed practice of law in Florida when the nonlawyer company or its in-house counsel, who is not licensed to practice law in Florida, controls, directs, and manages Florida litigation on behalf of the nonlawyer company's third-party customers when the control, direction, and management is directed to a member of The Florida Bar who is representing the customer in the litigation?

The proposed advisory opinion answers this question in the negative, finding that, generally speaking, it does not constitute the unlicensed practice of law for a nonlawyer company or its in-house counsel (who is not licensed in Florida) to control, direct, and manage Florida litigation on behalf of the nonlawyer company's third party customers when the control, direction, and management is directed to a member of The Florida Bar who is representing the customer in litigation. However, the Standing Committee also concluded that, while generally such conduct is not the unlicensed practice of law, there are circumstances where the opposite may be true, and the activity of the nonlawyer company or its in-house counsel could constitute unlicensed practice. The answer would be dependent on the level of involvement of the Florida lawyer versus the level of involvement of the nonlawyer.

Petitioners, FAS and Zack, and other individuals and organizations have submitted briefs in opposition to the Standing Committee's proposed advisory opinion, raising a number of procedural and substantive concerns. However, as

discussed below, because we conclude that the advisory opinion does not properly address the specified conduct at issue, as contemplated in our decision in Goldberg, we disapprove the advisory opinion without prejudice.

## Goldberg v. Merrill Lynch Credit Corp.

In Goldberg, the petitioners filed class action lawsuits in the circuit court to recover document preparation fees charged by respondent Merrill Lynch for services performed by its clerical personnel in processing mortgage loans. 35 So. 3d at 906. Merrill Lynch moved to dismiss the complaints, arguing, among other things, that the circuit court lacked jurisdiction to hear any claims relating to the unlicensed practice of law. The circuit court granted the motion and dismissed the case. The Fourth District Court of Appeal affirmed the dismissals, holding that a determination from this Court as to whether conduct constitutes the unlicensed practice of law was a "prerequisite" to bringing a civil suit to recover fees and damages based on unlicensed practice. Id. at 907.

On review, this Court held that the petitioners were not precluded from bringing a private civil suit for damages alleging a cause of action based on unlicensed practice of law. Id. However, the Court agreed with the Fourth District Court of Appeal that the petitioners' complaint failed to state such a cause of action:

> To state a cause of action for damages under any legal theory that arises from the unauthorized practice of law, we hold that the pleading

- 6 -

must state that this Court has ruled that the specified conduct at issue constitutes the unauthorized practice of law. Stated another way, a claimant must allege as an essential element of any cause of action premised on the unauthorized practice of law that this Court has ruled the activities are the unauthorized practice of law.

Id. (citations omitted). The Court stated that a plaintiff's complaint could allege that the conduct complained of has already been ruled on by this Court to be the unlicensed practice of law, or it could allege that the defendant was the subject of a Florida Bar proceeding. But the Court made clear that:

a plaintiff will not be able to state a cause of action premised on the unauthorized practice of law on a case of first impression (where this Court has not ruled on the actions at issue). In those cases, the pleading may be dismissed without prejudice or the action may be stayed until a determination from this Court pursuant to the advisory opinion procedures of rule 10-9.1 or the complaint and injunctive relief procedures of rules 10-5, 10-6, and 10-7 of the Rules Regulating the Florida Bar.

Id. at 908.

In the case at issue here, the federal court, citing Goldberg, concluded that Petitioners' complaint did not cite any case where this Court had ruled that the specific actions alleged to have been committed by FAS and Ms. Zack were held to be the unlicensed practice of law. Thus, consistent with Goldberg, the federal court dismissed the case without prejudice and invited Petitioners to seek an advisory opinion from this Court.

As a preliminary issue, FAS and Zack suggest that Petitioners' request for an advisory opinion is procedurally improper under Goldberg. They raise two

- 7 -

specific objections: (1) that the Standing Committee lacked authority to consider Petitioners' request for an advisory opinion because Petitioners' civil case in the federal district court was not "voluntarily" dismissed; and (2) that the Standing Committee lacked authority to consider Petitioners' request because other cases involving the same parties and similar legal issues remain pending in various courts. The Standing Committee held a special hearing specifically to address these issues, and determined that Petitioners' request for an advisory opinion was proper under Goldberg. We agree.

As to the first objection, the procedures we established in Goldberg are satisfied when a civil case is "dismissed without prejudice or . . . stayed until a determination from this Court." Id. FAS and Zack cite language in Bar Rule 10-9.1(c), adopted in response to Goldberg,[1] which provides that the Standing Committee "shall issue a formal advisory opinion under circumstances described by the court in [Goldberg], when the petitioner is a party to a lawsuit and that suit has been stayed or voluntarily dismissed without prejudice." R. Regulating Fla. Bar 10-9.1(c) (emphasis added). Despite this language in the rule, we agree with the Standing Committee that our opinion in Goldberg did not require that a case be "voluntarily" dismissed. Rather, that opinion stated that a plaintiff will not be able

---

1. See In re Amends. to Rules Reg. Fla. Bar 10-9.1, 82 So. 3d 66 (Fla. 2012).

to state a cause of action premised on the unlicensed practice of law on "a case of first impression," and that in such cases the plaintiff's pleading may be "dismissed without prejudice" or "stayed." Accordingly, the Petitioners here were authorized to petition the Standing Committee for a proposed advisory opinion when their case in federal court was dismissed without prejudice in July 2013. However, because we recognize that the language in Bar Rule 10-9.1(c) is inconsistent with Goldberg, in a separate opinion also issued today we sua sponte amend the rule to remove the word "voluntary."

As to the second procedural challenge to the proposed advisory opinion under Goldberg, we agree with the Standing Committee's determination that it could properly consider Petitioners' petition for an advisory opinion because there were no pending cases in any court or tribunal in this jurisdiction alleging a cause of action for unlicensed practice of law. The only case alleging unlicensed practice, the suit between Petitioners and FAS and Zack in the United States District Court for the Middle District of Florida, was dismissed without prejudice before Petitioners submitted their request.

**Applying <u>Goldberg v. Merrill Lynch Credit Corp.</u>**

Although we conclude that Petitioners' petition for an advisory opinion was authorized, we nonetheless disapprove the Standing Committee's proposed

advisory opinion because it does not address the "specified conduct" at issue in the underlying federal case, as required by Goldberg.

Our decision in Goldberg was based on the central principle that the Florida Constitution requires this Court exclusively to determine whether certain conduct or activities constitute the unlicensed or unauthorized practice of law. See Goldberg, 35 So. 3d at 906; see also art. V, § 15, Fla. Const. Thus, in Goldberg, we established a new process through which the parties to a civil suit alleging a cause of action based on unlicensed practice—where the Court has not yet ruled that "the specified conduct" alleged in the suit constitutes the unlicensed or unauthorized practice of law—could seek a determination from this Court on that issue, by way of a petition for an advisory opinion from the Standing Committee. Goldberg, 35 So. 3d at 908. However, integral to this new process is the requirement that both the party's request for an advisory opinion, and the Standing Committee's resulting proposed opinion, must address the "specified conduct" that is at issue in the civil suit. Although we recognize that the Standing Committee does not sit as a trier of fact, and it is not the Committee's role to decide disputed issues of fact, our decision in Goldberg does authorize the Standing Committee to determine whether the specific facts as alleged in a petition for an advisory opinion, if those facts are taken as true, would constitute the unlicensed or unauthorized practice of law.

In this instance, we conclude that Petitioners' request for an advisory opinion did not allege the type of specific facts that, if assumed true, the Standing Committee could use to evaluate whether FAS and Zack engaged in the unlicensed practice of law. The Standing Committee then consolidated Petitioners' six questions into a single and more general question. As a result, we conclude that the proposed advisory opinion does not adhere to the process the Court established in Goldberg, in that it does not offer meaningful guidance as to whether the specified conduct at issue would constitute the unlicensed practice of law. Accordingly, we disapprove the advisory opinion; however, our decision is without prejudice to Petitioners submitting a revised petition for an advisory opinion, and to the Standing Committee conducting further proceedings consistent with our opinion in this case.

Finally, we agree with the federal district court, as stated in its July 2013 order dismissing Petitioners' civil case, that the Court's opinion in Florida Bar v. Neiman, 816 So. 2d 587 (Fla. 2002), is inapplicable to the conduct and activities at issue here. The Standing Committee may wish to consider Chapter 17 of the Rules Regulating the Florida Bar (Authorized House Counsel Rule), as well as Bar Rule 4-5.5 (Unlicensed Practice of Law; Multijurisdictional Practice of Law), and the extent to which those rules may impact the specified conduct at issue.

Accordingly, for the reasons discussed in this opinion, we disapprove the proposed advisory opinion without prejudice.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

In this proceeding, we are asked to give an advisory opinion concerning a matter that is the subject of litigation. I would dismiss the case on the ground that the Florida Constitution gives this Court no authority to issue such an advisory opinion.

In Goldberg v. Merrill Lynch Credit Corp., 35 So. 3d 905, 909 (Fla. 2010) (Canady, J., dissenting) (emphasis in original), I expressed the view that the process adopted by the majority in that case unjustifiably relied on "the grant of exclusive regulatory authority in article V, section 15, Florida Constitution" to assert "a type of exclusive judicial authority that is sui generis." I adhere to the view I expressed in Goldberg. The regulatory authority granted to us in section 15 of article V does not justify transgressing the limits on our judicial power established in section 3(b) of article V. In my view, this Court simply lacks the constitutional authority to issue an advisory opinion of the type sought in this

- 12 -

proceeding. I would recede from <u>Goldberg</u> and abide by the limitations on our jurisdiction imposed by the Florida Constitution. Consistency between regulatory decisions and judicial decisions should be maintained through the ordinary operations of the judicial process without the unprecedented expansion of our judicial power accomplished by <u>Goldberg</u>.

Original Proceeding – The Florida Bar

Jeffrey Michael Kolokoff, Chair, Standing Committee on the Unlicensed Practice of Law, Beighley Myrick & Udell, Miami, Florida; Carsandra Denyce Buie, Past Chair, Standing Committee on the Unlicensed Practice of Law, Tallahassee, Florida; John F. Harkness, Jr., Executive Director, Lori S. Holcomb, Director, Client Protection, and Jeffrey Todd Picker, The Florida Bar, Tallahassee, Florida, on behalf of the Standing Committee on the Unlicensed Practice of Law; and Steven Mark Berman and Duane Allan Daiker of Shumaker, Loop & Kendrick, LLP, Tampa, Florida, on behalf of Beth Ann Scharrer and Trans Health Management, Inc.,

 for Petitioners

Martin Stephen Turner of Broad and Cassel, Tallahassee, Florida, on behalf of The Doctors Company; Timothy Patrick Chinaris, Nashville, Tennessee; Katherine Eastmoore Giddings and Kristen Marie Fiore of Akerman LLP, Tallahassee, Florida, on behalf of Fundamental Administrative Services, LLC; Joseph Arnold Corsmeier of the Law Office of Joseph A. Corsmeier PA, Clearwater, Florida, on behalf of Fundamental Administrative Services, LLC; Gerald Barnette Cope, Jr. of Akerman LLP, Miami, Florida, on behalf of Fundamental Administrative Services, LLC; Christopher Benton Hopkins of McDonald Hopkins LLC, West Palm Beach, Florida, on behalf of Fundamental Administrative Services, LLC; Peter Alan Contreras of Brunner Quinn, Columbus, Ohio, on behalf of Christine Zack; Amar D. Sarwal, Vice President and Chief Legal Strategist, and Evan P. Schultz, Senior Counsel and Director of Advocacy, Association of Corporate Counsel, Washington, District of Columbia; Michael Herman, President, and John J. Price, Advocacy Liaison & Program Chair, Association of Corporate Counsel-North Florida Chapter, Jacksonville, Florida; Kelli Joan Cueto, President, and Alan Jockers, Advocacy Chair, Association of Corporate Counsel-South Florida

Chapter, Hollywood, Florida; S. Todd Merrill, President, and Nicholas Popp, Advocacy Liaison, Association of Corporate Counsel-West Central Florida Chapter, Tampa, Florida; Christine Davis Graves and Joseph Hagedorn Lang, Jr. of Carlton Fields Jorden Burt, P.A., Tallahassee, Florida, on behalf of the Florida Chamber of Commerce; Marie Elena Abate and Nate Wesley Strickland of Colodny, Fass, Talenfeld, Karlinsky Abate & Webb, P.A., Tallahassee, Florida, on behalf of Property Casualty Insurers Association of America, Florida Insurance Council, American Insurance Association, and National Association of Mutual Insurance Companies,

     Responding