CANADY, J.,
dissenting.
In this proceeding, we are asked to give an advisory opinion concerning a matter that is the subject of litigation. I would dismiss the case on the ground that the Florida Constitution gives this Court no authority to issue such an advisory opinion.
In Goldberg v. Merrill Lynch Credit Corp., 35 So.3d 905, 909 (Fla.2010) (Canady, J., dissenting) (emphasis in original), I expressed the view that the process adopted by the majority in that case unjustifiably relied on “the grant of exclusive regulatory authority in article V, section 15, Florida Constitution” to assert “a type of exclusive judicial authority that is sui generis.” I adhere to the view I expressed in Goldberg. The regulatory authority granted to us in section 15 of article V does not justify transgressing the limits on our judicial power established in section 3(b) of article V. In my view, this Court simply lacks the constitutional authority to issue an advisory opinion of the type sought in this proceeding. I would recede from Goldberg and abide by the limitations on our jurisdiction imposed by the Florida Constitution. Consistency between regulatory decisions and judicial decisions should be maintained through the ordinary operations of the judicial process without the unprecedented expansion of our judicial power accomplished by Goldberg.