PER CURIAM.
 

 James Wall filed with the Standing Committee on the Unlicensed Practice of Law (Standing Committee) a request for issuance of an advisory opinion pursuant to the procedures set forth in Rule Regulating the Florida Bar 10-9.1 and this Court's opinion in
 
 Goldberg v. Merrill Lynch Credit Corp.
 
 ,
 
 35 So.3d 905
 
 (Fla. 2010). In the request, Wall alleged that Jeffrey Paine and his company, Jupiter Asset Recovery, LLC (collectively "JAR"), engaged in the unlicensed practice of law in connection with JAR's attempt to recover surplus funds from the Manatee County Clerk of Court's registry on Wall's behalf. The Standing Committee held a public hearing where it considered live and written testimony,
 
 see
 
 Rule Regulating the Florida Bar 10-9.1(f), and ultimately filed with this Court a proposed advisory opinion concluding that JAR's conduct, as alleged by Wall and if taken as true, would constitute the unlicensed practice of law.
 
 [1]
 

 After the Standing Committee's proposed advisory opinion was filed, interested parties were permitted to file briefs in support of or in opposition to the proposed advisory opinion.
 
 See
 
 R. Regulating Fla. Bar 10-9.1(g)(3). JAR and Global Discoveries, Ltd., filed briefs in opposition to the
 proposed advisory opinion; the Standing Committee filed a response to the briefs. After considering the proposed opinion and the briefs of the interested parties, the Court approves the proposed advisory opinion as set forth in the appendix to this opinion.
 
 [2]
 

 It is so ordered.
 

 PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA and LAWSON, JJ., concur.
 

 CANADY, C.J., dissents with an opinion.
 

 We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 10-9.1(g).
 

 References in the Appendix to TABS A, B, and C, are to the attachments to the proposed advisory opinion originally filed by the Standing Committee in this case on August 15, 2017.